## SUPREME COURT.

### AUGUST KALT agt. JULES LIGNOT.

Where the plaintiff's claim, and the defendant's counter-claim, each are over $50, and on the trial judgment is rendered for the plaintiff, by setting off one claim against the other, for *less* than $50, both are equally in the wrong, and each equally liable to the other for *costs*. It is a proper case, under the Code, for offsetting the costs of each against the other.

*New-York Special Term*, 1856.

SPEIR & NASH, *for plaintiff*.
CHAUNCEY SHAFFER, *for defendant*.

ROOSEVELT, Justice. This is a suit for professional services as a physician—the plaintiff claiming $500 as the proper measure of compensation. The defendant first denies the services, then says they were not worth over $25; then alleges unskilfulness, and damage consequent upon it to the amount of $5,000; and, lastly, alleges that the plaintiff owes him, in addition, $171, for champagne and claret. In other words, he meets the plaintiff's claim, be it more or less, by a counter-claim, for which, in his turn, he demands judgment against the plaintiff.

The referee, to whom the matter was submitted, rejected a

Kalt agt. Lignot.

large portion of the demands of each party, and found a small balance of $32 in favor of the plaintiff; and the question now is, what disposition is to be made of the costs of suit.

By the Code, costs may be allowed "to the prevailing party, upon the judgment." In this case both parties have failed, and both have prevailed. But the plaintiff, it is said, has recovered less than fifty dollars, and must, on that ground in this court, pay costs. This is a mistake. Both parties, where a counter-claim is interposed, are plaintiffs and both defendants; and both, in this case, have "prevailed," and have "recovered" more than fifty dollars. It is only by setting off one recovery against the other that the balance is reduced to $32. Both being equally in the wrong, and each equally liable to the other for costs, it seems to me to be a proper case for offsetting the costs of each against the other, and confining the judgment to the $32.

Judgment accordingly.

The language of the Code, on the subject of costs, was adapted to the state of things existing in 1848. The right of counter-claim, as now existing, was the result of the amendment of 1852. The original Code, therefore, may be said to have contemplated but one "prevailing party"—the plaintiff or the defendant—whereas, the new provision obviously implied, as a consequence, that both might prevail—the one in his claim, the other in his counter-claim. Hence the law of costs, it was assumed, without special enactment, would be so applied as to meet the alteration in the law of claims. And it is the well known duty of courts of justice so to construe legislative enactments as to make them harmonize, as far as practicable, with each other, and with established principles of right.