## LANDSBERGER *a.* THE MAGNETIC TELEGRAPH COMPANY.

*Supreme Court, First District; Special Term, November,* 1858.

### COSTS.—RECOVERY OF LESS THAN $50.

In cases where the plaintiff on a recovery of less than fifty dollars is, under section 304 of the Code, precluded from recovering costs, the defendant is entitled to costs of course.

The case of Kalt *a.* Lignot is an authority to the contrary, only in case the plaintiff's recovery was reduced to less than fifty dollars by a counter-claim established by the defendant.*

---

* CRANE *a.* HOLCOMB.—(*New York Common Pleas; Special Term, May,* 1858.)— This case came up on a motion to vacate a judgment for costs entered in favor of the defendant.

HILTON, J.—The plaintiff sued as indorser and holder of a promissory note made by the defendant.

The answer set up a counter-claim against the payee, while he was holder of the note, and alleged that it came to the plaintiff's possession after maturity, and subject thereto.

On the trial before the referee, the greater part of the counter-claim was allowed, and the plaintiff recovered but $26.34.

The report awarding this sum having been taken up by the defendant and filed, the clerk adjusted the defendant's costs at $121.15, and after deducting the sum found due the plaintiff, judgment was entered against him for the balance of $94.27 in favor of the defendant.

The plaintiff moves to vacate and set aside this judgment, upon the ground that he was the prevailing party at the trial, and therefore no costs on judgment in the action can be recovered or entered against him.

In support of this view, he refers to the decision in Kalt *a.* Lignot (3 *Abbotts' Pr. R.,* 190), which certainly goes to the extent of declaring, in a case similar to this, that as the defendant was not the prevailing party within the meaning of section 303 of the Code, he therefore could not recover costs.

Although the opinions of the learned judges in the case cited are entitled to great respect and consideration, yet after a careful perusal of sections 303, 304, and 305 of the Code, I cannot agree with them in the views expressed in the decision referred to.

Section 303, after repealing all statutes establishing or regulating costs or fees of attorneys and counsel in civil actions, declares that there *may* be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action. In no proper sense can language of this kind be said to control the positive and mandatory character of the two following sections:

Landsberger *a.* The Magnetic Telegraph Company.

Question of costs.

INGRAHAM, J.—The plaintiff recovered in this action $16.09. The defendant claims to be entitled to costs under section 305 of the Code.

By section 304, it is clear that the plaintiff is not entitled to recover costs; and by section 305, the defendant is entitled to costs of course—unless the plaintiff is, under the previous section.

I should have no difficulty in applying this rule to the present case, were it not for the decision of the general term in Kalt *a.* Lignot (3 *Abbotts' Pr. R.*, 190), in which case it was held that the defendant was not entitled to costs in a case where the plaintiff recovered less than $50, if he reduced the amount of the plaintiff's recovery below that amount by a counter-claim.

Without any interference with that decision, which is not in accordance with decisions on that point in other districts, I am authorized by Justice Clerke to say, that the principle of that decision was not intended to be applied to any cases in which there was no counter-claim set up in the answer.

In the present case, the answer contains no counter-claim, and the plaintiffs only recover the damages, amounting to $16.09. I think there is no doubt but that the defendant is entitled to costs.

Section 303 provides that costs may be given upon the judgment.

Section 304 says that costs shall be allowed to the plaintiff of course, in certain cases.

---

Section 304 says: " Costs *shall* be allowed of course to the plaintiff upon a recovery in the following cases:"

\*     \*     \*     \*     \*     \*     \*     \*     \*

Subdivision 4: "In actions for the recovery of money, where the plaintiff shall recover fifty dollars or more.'"

The plaintiff's right to "costs of course" is not dependent merely upon his being the prevailing party, but rests entirely upon the fact, whether, in an action falling within the subdivision referred to, he recovers "fifty dollars or more."

In this, the recovery being under $50, it is very clear that the plaintiff is not entitled to costs; and as section 305 provides that "costs *shall* be allowed of course to the defendant in the actions mentioned in the last section, unless the plaintiff is entitled to costs therein," it seems to me equally clear that the judgment in this action, in favor of the defendant, was properly entered, and the motion to vacate it must be denied.

And section 305 says that costs shall be allowed of course to the defendant, unless the plaintiff is entitled to them.

The reason given against the defendant's claim for costs is, that he is not the prevailing party in the judgment.

These sections must be taken together.

Costs are to be allowed to the prevailing party in the judgment, if he recovers $50 or more, and not otherwise. If it depended solely on his being the prevailing party, he would be entitled to costs on any recovery ; but that is limited by section 304, and if under that section the plaintiff does not recover costs, the defendant is entitled to them of course.

The defendant is entitled to costs, and the clerk is directed to adjust the same, and insert them in the judgment record, to be filed by plaintiff. If the plaintiff does not enter up judgment within five days, the defendant may enter the judgment.