### URY *v.* WILDE.

(*Superior Court of New York City, Special Term.* December, 1888.)

COSTS—RIGHT TO—PREVAILING PARTY.

   In an action on a contract where a counter-claim is set up, and a verdict of one dollar is rendered for defendant, the latter is entitled to costs, under Code Civil Proc. N. Y., § 3228, providing that plaintiff is entitled to costs on the rendering of a final judgment in his favor, and section 3229, providing that costs shall be awarded to defendant on the rendering of final judgment, unless plaintiff is entitled to costs as prescribed by section 3228.

Action on a contract for the recovery of $480. Defendant set up a counter-claim to the amount of $200. The jury found a verdict in defendant's favor for $1. The court taxed defendant's bill of costs, but refused to tax plaintiff's bill, and thereupon he moved for a new taxation.

*John Frankenheimer*, for plaintiff. *Foster, Hotaling & Blank*, for defendant.

TRUAX, J. The right of a party to an action to costs in that action depends upon the Code of Civil Procedure. The plaintiff is entitled to costs in certain actions "upon the rendering of a final judgment in his favor." Section 3228. The final judgment in this action not having been rendered in his favor, the plaintiff is not entitled to costs. Section 3229 provides that the defendant is entitled to costs "upon the rendering of final judgment in an action specified in the last section, unless the plaintiff is entitled to costs, as therein prescribed." It has been shown that under section 3228 the plaintiff is not entitled to costs. It therefore follows that the defendant is entitled to costs. This view of the law is sustained by section 3234 of the Code of Civil Procedure, which provides that, in an action specified in section 3228, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs. There is no other section of the Code that gives both the plaintiff and the defendant costs in the same action. The case of *Kalt* v. *Lignot*, 12 How. Pr. 535, affirmed 3 Abb. Pr. 190, is cited as authority for the proposition that, where the plaintiff sues to recover $1,000, and the defendant denies the plaintiff's right to recover, and sets up a counter-claim for $200, and the judgment is for the defendant in an amount less than the counter-claim, each party is entitled to costs as against the other. That case was decided in 1856, when the Code said that "the prevailing party" was entitled to costs. It was decided upon the theory that, in a case of the kind mentioned above, each party was the prevailing party,—the plaintiff had prevailed in cutting down defendant's counter-claim, while the defendant had prevailed by defeating the plaintiff's cause of action. The case of *Kalt* v. *Lignot, supra*, was cited by the general term of this court in *Woollen Mills* v. *Bull*, 1 Sweeny, 366, upon another point. It was disapproved in *Landsberger* v. *Telegraph Co.*, 8 Abb. Pr. 35, and is not, I think, an authority under the present Code. See *Thayer* v. *Holland*, 63 How. Pr. 179; *Whitelegge* v. *De Witt*, 12 Daly, 319. The taxation of the clerk is sustained, with $10 costs.