### KALT *a.* LIGNOT.

*Supreme Court, First District; General Term, September,*1856.

COSTS.—COUNTER-CLAIM.—PREVAILING PARTY.

Where in an action upon contract the plaintiff recovers less than fifty dollars, but *extinguishes* a *counter-claim* set up in the answer, which exceeds that amount, neither party is entitled to costs

Appeal from an order of the special term, denying a motion of the defendant to affirm taxation of his costs.

This action was brought to recover the value of services rendered by the plaintiff, a physician, to defendant's family, for which services the plaintiff claimed $500.

The answer set up three defences, viz:—1. A denial of the facts stated in the complaint. 2. A counter-claim, damages sustained by the defendant, by reason of negligence and malpractice, amounting to $5000. 3. A counter-claim of $171, for wines sold and delivered to plaintiff.

The reply denied the new matter set up in the answer.

The cause was referred. The referee reported that the plaintiff had rendered services to the defendant, that the defendant had sold and delivered wines to the plaintiff, and that there was due from the defendant to the plaintiff, (after deducting the counter-claim) the sum of thirty-two dollars.

No negligence or malpractice was proved before the referee.

On the entry of judgment on the report the defendant

claimed to recover costs. They were taxed in his favor by the clerk, subject to exception taken by the plaintiff. The defendant moved at special term, before Mr. Justice Roosevelt, for an order affirming the taxation; which was denied. The opinion rendered is reported Ante 33.

The defendant now appealed from the order of the special term.

*W. W. Niles*, for appellant.

*James Eschwege*, for respondent.—I. The defendant is not entitled to costs, because he is not the *prevailing* party. To be entitled to costs, a party must be *the prevailing party*, and have a judgment, upon which such costs can be allowed; (*Code*, §§ 303, 304, 305, 311. See Comstock *v.* Bayard, 2 *Sandf. Sup. Ct. R.*, 705; Moore *v.* Westervelt, 3 *Ib.*, 764).

II. The Code (§ 303) makes a judgment the principal, which will be followed by costs, as an incident; here no judgment can be entered for the defendant unless costs are allowed, thereby reversing the order provided for by the Code, and being based upon the argument that the defendant is the prevailing party, because he is entitled to costs; and that he is entitled to costs because he is the prevailing party. There is no judgment for the defendant, as in case of non-suit, verdict or decision; the decision is *against the defendant;* and only where the decision is in favor of a defendant is he entitled to judgment; and only in this case costs will be allowed to him. (§ 303). He is then entitled to costs; he is the prevailing party, because he is entitled to judgment; and upon this judgment he will be allowed his costs; but the defendant will not and cannot be entitled to a judgment where the decision, upon which the judgment is to be rendered, is not in his favor, simply because the plaintiff, although the prevailing party, recovers less than fifty dollars.

III. The plaintiff here recovers more than thirty-two dollars; he recovers also the amount of the counter-claim established by the defendant. (Ruggles *v.* Fogg, 7 *How. Pr. R.*, 324; Cockle *v.* Underwood, 3 *Duer*, 676). Subdivision 4, of section 304, cannot apply to cases where counter-claims are set up; it

only applies to cases where part payment, pleas in abatement, in bar, and other defences not constituting counter-claims, have reduced the indebtedness to a sum less than fifty dollars. A defendant, who sets up a counter-claim, demands the affirmative judgment of the court, and disputes the plaintiff's right to recover, does thereby become himself a plaintiff; and fails in the action, if a balance is found due against him. In such case both parties may have actually recovered more than fifty dollars.

CLERKE, J.—Section 305 of the Code does not mean that the defendant shall be entitled to costs against the plaintiff, in all cases where the plaintiff is not entitled to them; this section must be necessarily read in connection with, and be controlled by section 303, which says, " that costs shall be allowed to *the prevailing party in the suit upon the judgment.*" A mere reduction of the plaintiff's demand, by set-off, or any other description of counter-claim, below the amount of $50, does not entitle him to costs against the plaintiff. The defendant certainly is not the prevailing party; he claimed a large amount in his favor for damages, no portion of which was allowed, and the plaintiff's claim was reduced by a set-off merely to $32, for which he is entitled to *judgment, as the prevailing party.*

But as he has recovered less than $50, he is not entitled to costs. (§ 304, *sub.* 4). It would be no more proper to compel him to pay costs to the defendant than if he sued in the first instance for a balance of $32, after crediting the defendant with the set-off, which the referee has allowed.

The Code could not have contemplated any such result. The consequences in both instances are similar and consistent— requiring the plaintiff to pay his own costs. The defendant could have avoided the expenses of the litigation, by offering, pursuant to section 385, to allow judgment to be taken against him for the amount reported by the referee.

I concur with the decision of the special term. The order should be affirmed, however, without costs.

ROOSEVELT, J.—Added to his opinion delivered at special

term, (*Ante* 33), the following remarks, and filed the whole as his opinion upon the appeal.

It is said that section 305 of the Code provides that " costs shall be allowed of course to the defendant, unless the plaintiff be entitled to costs ;" and that by the previous section it is declared, that " costs shall be allowed of course to the plaintiff only when he shall recover fifty dollars or more." Now, as costs, by section 303, are in no case to be allowed, except to the " prevailing party," it is obvious that when the Code afterwards says that they shall be allowed to the plaintiff under certain circumstances, and to the defendant under other circumstances, it means, if he be the prevailing party. Certainly the defendant, in this case, as against the plaintiff, is not *the* prevailing party. The technical "recovery" is with the plaintiff; and although something is adjudged to the defendant, more, by thirty-two dollars, is adjudged to his adversary. Either then both are prevailing parties, or only the plaintiff is. In neither case can costs be allowed to the defendant as against the plaintiff. To do so would be to award costs to defeat instead of to victory ;—to the party overcome instead of to the party " prevailing."

Order affirmed.