### RUFUS E. CRANE *v.* JOEL HOLCOMB.

In all actions for the recovery of money, unless the plaintiff recovers $50 or more, the defendant is entitled to costs, of course.

In an action upon a promissory note for $750, a set-off, or counter claim, exceeding that amount, was interposed as a defence. The plaintiff recovered but $26. *Held*,

I. That his right to costs was not determined by his being the prevailing party in the suit, but was dependent upon the actual amount recovered.

II. His recovery being under $50, the defendant was entitled to costs.

III. That a judgment entered in favor of the defendant for his costs, after deduct
ing the sum found due the plaintiff, was regular.
The case of *Kalb* v. *Lignot*, (3 Abbott P. R. 190), *contra*, disapproved.

APPEAL from an order made at special term, denying a mo-
tion on the part of the plaintiff to vacate a judgment ent. red in
favor of the defendant for his costs, as adjusted, after deducting
therefrom the amount reported by the referee as due the plain
tiff in the action.

The facts sufficiently appear in the following opinion of the
judge who heard the motion at special term, May 8, 1858.

HILTON, J.—The plaintiff sued as indorser and holder of a
promissory note made by the defendant. The answer set up a
counter claim against the payee while he was the holder of the
note, and alleged that it came to the plaintiff's possession after
maturity, and subject thereto. On the trial before the referee,
the greater part of the counter claim was allowed, and the plain-
tiff recovered but $26.34. The report awarding this sum hav-
ing been taken up by the defendant and filed, the clerk adjusted
the defendant's costs at $121.15, and after deducting the sum
found due the plaintiff, judgment was entered against him for
the balance of $94.27 in favor of the defendant. The plaintiff
moves to vacate and set aside this judgment upon the ground
that he was the prevailing party at the trial, and, therefore, no
costs or judgment in the action can be recovered or entered
against him.

In support of this view he refers to the decision in *Kalb* v.
*Lignot*, 3 Abbott P. R. 190, which certainly goes to the extent
of declaring, in a case similar to this, that as the defendant was
not the prevailing party within the meaning of section 303 of
the Code, he, therefore, could not recover costs.

Although the opinions of the learned judges in the case cited
are entitled to great respect and consideration, yet, after a care-
ful perusal of sections 303, 304, 305 of the Code, I cannot
agree with them in the views expressed in the decision referred

to. Section 303, after repealing all statutes establishing or regulating costs or fees of attorneys and counsel in civil actions, declares that there *may* be allowed to the prevailing party, upon the judgment, certain sums by way of indemnity for his expenses in the action. In no proper sense can language of this kind be said to control the positive and mandatory character of the two following sections. By § 304, " Costs *shall* be allowed, of course, to the plaintiff, upon a recovery in the following cases."

    \*     \*     \*     \*     \*     \*

Sub. 4. "In an action for the recovery of money where the plaintiff shall recover fifty dollars, or more."

The plaintiff's right to costs, " of course," is not dependent merely upon his being the prevailing party, but rests entirely upon the fact whether, in an action falling within the subdivision referred to, he recovers "fifty dollars or more." In this case, the recovery being under $50, it is very clear that the plaintiff is not entitled to costs; and as § 305 provides that " costs *shall* be allowed, of course, to the defendant in the actions mentioned in the last section, unless the plaintiff is entitled to costs therein," it seems to me equally clear that the judgment in this action, in favor of the defendant, was properly entered, and the motion to vacate it must be denied.

The plaintiff appealed from the order entered upon this decision, to the general term.

*Richard M. Harrington*, for the appellant.

——————, for the respondent.

BRADY, J.—In addition to the opinion of Judge HILTON at special term, it is only necessary to say, that this is not a case of which a justice would have no jurisdiction under section 54 of the Code.

1st. It is not a matter of account between the parties. The defendant had no claim against the plaintiff. He had a claim against the payee of the note sued upon, and the note, having been transferred after maturity, was taken by the plaintiff sub-

ject to equities existing in favor of the maker, who is the defendant.

2d. It is not a case where the recovery exceeds the sum of two hundred and fifty dollars. The first subdivision of the third section of the Act to reduce the several acts relating to the district courts into one act, passed April 13, 1857 (Laws 1857, vol. 1, p. 707), confers jurisdiction upon the district courts, in a matter of account, where the *recovery* does not exceed $250, "notwithstanding the accounts of both parties may exceed $400." The jurisdiction is based upon the sum recovered. The sum recovered here is $26.34.

DALY, First Judge.—As the plaintiff, by the 4th subdivision of the 304th section, is not entitled to costs, it follows, in my judgment, as a matter of course, from the 305th section, that the defendant is entitled to costs. The 4th subdivision of section 304 declares, in effect, that the prevailing party shall not recover costs in actions for the recovery of money, unless he recover fifty dollars or more, and the next section, 305, provides that if in such an action the plaintiff is not entitled to costs, that costs shall be allowed to the defendant. These two sections are clear and explicit, and are not controlled by anything contained in section 303.

Order appealed from affirmed, with costs.