WILLIAM C. BAINE, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

Where the plaintiff, in an action against a municipal corporation, to recover money has omitted to present the claim for payment to the chief

fiscal officer of the corporation, before the commencement of the action, as prescribed by the Code of Civil Procedure (§ 3245), as a prerequisite to the allowance of costs to him, it is no answer that such fiscal officer was not authorized to adjust and pay the claim on presentation.

No certificate of the judge presiding on the trial is required in such a case to defeat plaintiff's claim for costs.

The provision of said Code (§ 3248), making such a certificate the only competent evidence before the taxing officer, when any fact appears on trial entitling either party to costs, has no application, as the non-presentation of the claim is not a defense to the action, and is not a fact involved in the trial.

In such an action, however, where plaintiff recovers over $50, but is not entitled to costs because of the omission to give notice, defendant is not thereby entitled to costs. The provision of said Code (§ 3229) entitling defendant to costs, in certain actions specified, unless plaintiff is so entitled, does not apply, as the case is not one of those specified.

(Submitted June 14, 1881; decided June 21, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made January 22, 1881, which affirmed an order of Special Term, setting aside the taxation of costs, made by the clerk of Monroe county, in favor of defendant, and declaring plaintiff to be entitled to costs.

This action was brought to recover an alleged balance due plaintiff from defendant for services. A verdict was rendered for plaintiff for $228.58. Defendant noticed its costs for taxation, and upon the bill of costs, the pleadings and the clerk's minutes of trial, said clerk decided that defendant was entitled thereto and accordingly taxed the same.

*Jno. R. Fanning* for appellant. Plaintiff is not entitled to tax costs in this action in any event for the reason that he failed to present for payment to the chief fiscal officer of appellant the claim upon which the action is founded, before the commencement of the action. (§ 72, chap. 14, Laws of 1880; Code of Civil Procedure, § 3245; *Benton* v. *Wickwire*, 54 N. Y. 226; *Rosenplaenter* v. *Roessle et al.*, id. 262; *Russel* v. *Mayor,* etc., *of N. Y.*, 1 Daly, 263–266; *Hart* v. *City of Brooklyn*, 36 Barb. 226.) The defendant is entitled to costs

of course, unless the plaintiff is entitled to costs. (Code of Civil Procedure, §§ 3228, 3229.) It was not necessary to produce, on the taxation of costs, a certificate of the judge presiding at the trial. (*Snyder* v. *Beyer*, 3 E. D. Smith, 243.)

*A. L. Barton* for respondent. Even if it had appeared before the clerk that plaintiff had failed to comply with section 3245 of the Code of Civil Procedure, and therefore was not entitled to costs, it did not follow that the defendant was entitled to costs. (§§ 1835, 1836, 3228, 3229, 3244, 3255, chap. 262 of the Laws of 1859.) Plaintiff was entitled to costs because the papers before the clerk showed that he had presented his claim to the common council of the defendant for payment and that payment was refused. (*Butler* v. *City of Rochester*, 4 Hun, 32; *McClure* v. *Supervisors of Niagara Co.*, 4 Abb. Pr. [N. S.] 202; Laws of 1880, chap. 14, §§ 72, 80, 81; Laws of 1861, chap. 143, §§ 73, 84, 85.)

ANDREWS, J. The plaintiff was not entitled to costs, for the reason that he failed to present the claim for payment before the commencement of the action to the city treasurer, who, by section 72 of chapter 14 of the Laws of 1880, is declared to be the chief fiscal officer of the city. (Code of Civil Procedure, § 3245.)

It is not an answer to this requirement of the Code, that the city treasurer was not authorized to adjust or pay the claim on presentation. The object of the provision is to insure notice to a municipal corporation of claims against it, before it should be subjected to the costs of suit, and notice to the chief fiscal officer, was prescribed as the means of giving notice to the corporation.

Section 3248 does not apply to this case. The certificate there provided, is of some fact appearing on the trial, and has no application to facts extrinsic to the action, and which have no connection with the issue, and of which the court or referee, may have no knowledge. The non-presentation of a claim against a municipal corporation to its chief fiscal officer, before

suit brought, pursuant to section 3245, is not a defense to the action, and is not a fact involved in the trial; and it cannot be supposed that the legislature intended, that as to such a fact, the certificate of the court should be required.

The claim of the defendant to costs, cannot be supported. By the fourth subdivision of section 3228, the plaintiff is entitled to costs in an action on a money demand, other than those previously specified, provided he recovers $50 or more; and by section 3229, the defendant is entitled to costs in an action specified in section 3228, unless the plaintiff is entitled to costs, as therein specified. Section 3229 does not apply to a case where the plaintiff recovers $50 or more, but is prevented from recovering costs for non-presentation of the claim under section 3245. This is not one of the cases specified in section 3228. It was not intended, that the plaintiff who recovers a judgment against a municipal corporation for more than $50, should be subjected to the payment of costs, as a penalty for non-presentation of his claim, in addition to being deprived of the right to costs, given in other cases.

The order of the General Term and of the County Court should be modified, by declaring that neither party is entitled to costs ; and as thus modified, it should be affirmed, without costs to either party.

All concur.

Ordered accordingly.