Thayer agt. Holland.

SEDGWICK, C. J. and RUSSELL, J., concurs.

---

## N. Y. COMMON PLEAS.

WILLIAM C. THAYER agt. CHARLES HOLLAND.

*Costs — Counter-claim — Dismissal of complaint — Prevailing party — Who is entitled to costs.*

Where, in an action in which a counter-claim was interposed, the complaint was dismissed, and no recovery was had upon the counter-claim, the plaintiff should not be awarded costs upon the dismissal of the counter-claim and have such costs offset against the costs that follow the dismissal of the complaint; the final judgment, and not the result of the contest over some of the questions in controversy determining the right to costs.

*Special Term, May,* 1882.

*Abbott Brothers*, for plaintiff.

*Kelly & McRae*, for defendant.

VAN HOESEN, *J.* — The complaint was dismissed, and the defendant is the prevailing party as to the cause of action which constituted plaintiff's claim. The right of defendant to recover costs follows as a matter of course. The plaintiff insists, however, that he is entitled to costs against defendant, inasmuch, as no recovery was had upon the counter-claim, and that the costs that follow the dismissal of the complaint should be offset against the costs that ought, as he contends, to be awarded to him upon the dismissal of the counter-claim. The counter-claim was withdrawn, not dismissed; but even if there had been a dismissal the plaintiff would have no right to costs. There is one case, and only one (*Kalt* agt. *Liquot*, 3 *Abb.*, 190), that gives color to the plaintiff's pretension, but long ago the court of common pleas in *Crane* agt. *Holcomb* (2 *Hilton*, 271), refused to follow it. In *Kalt* agt. *Liquot*, which was an action *ex contractu*, the plaintiff established his claim in part, and the defendant established his counter-claim in part, so that the plaintiff's damages were less than fifty dollars, but nevertheless the court refused to give the defendant the costs of the action, and held that as the plaintiff was entitled to costs as the prevailing party upon his claim, and the defendant to costs as the prevailing party upon his counter-claim, it was equitable that the defendant's costs should be set off against the plaintiff's. As was said in *Krane* agt. *Holcomb*, no warrant for this practice can be found in the Code. Costs go to the plaintiff when he recovers judgment upon the cause of action set up in his complaint. Then he is the prevailing party. If an offset, equal to or greater than the amount of his claim is established, he is not the prevailing party, though he conclusively prove his entire cause of action. The defendant prevails when he defeats the plaintiff's claim, whether by establishing a counter-claim larger than the plaintiff's claim, or by disproving the plaintiff's

Schultz agt. Schultz.

demand. Costs follows the judgment. The party in whose favor judgment is to be entered is the prevailing party, and is — except in actions cognizable by a justice of the peace — entitled to the costs. If the plaintiff fails to make out his case, the defendant is entitled to judgment. It matters not that the defendant has failed to establish the counter-claim that he has set up — he is still entitled to judgment and to costs if the plaintiff does not get a judgment. If *Kalt* agt. *Liquot* were the law, it would be necessary to set off the costs in every case in which the defendant proved a counter-claim, though the plaintiff should prevail in the action and recover judgment for hundreds of thousands of dollars. Such a construction of the Code would be a surprise to the profession. The common sense of the bar recognizes the fact that the prevailing party is he in whose favor the final judgment goes. The final judgment, not the result of the contest over some of the questions in the controversy, determines the right to costs.

The case was difficult and extraordinary, and the defendant should have an allowance of $150.