JOHN N. DRESSEL, RESPONDENT, *v.* THE CITY OF KINGSTON, APPELLANT.

*Costs — action against a municipal corporation — who is to be deemed its chief fiscal officer — Code of Civil Procedure, sec. 3245.*

The plaintiff having recovered a judgment against the city of Kingston, the defendant, for the damages occasioned by his falling into a hole in the sidewalk, moved for and obtained an order directing the clerk to tax costs and disbursements in his favor. Upon the motion for such order an affidavit was made by the treasurer of the city, in which he stated that at the time of the accident and of the commencement of the action he was "the chief fiscal officer" of the city and that the claim had never been presented to him. It appeared that, prior to the commencement of the action, the plaintiff had presented his claim to the mayor and common council of the defendant, by which body all claims against the city were to be audited, and that it had been rejected.

*Held,* that the treasurer was to be deemed the chief fiscal officer of the city, within the meaning of those words as used in section 3245 of the Code of Civil Procedure, and that as the plaintiff's claim had not been presented to him costs could not be awarded to the plaintiff. (BOOKES, J., dissenting.)

APPEAL from an order of the Ulster County Court awarding to the plaintiff his costs and disbursements herein, and directing the clerk to tax the same and insert them in the judgment.

The plaintiff began an action in the Ulster County Court to recover

damages for personal injuries claimed to have been sustained by him in falling into a hole by reason of the unsafe condition of the sidewalks of defendant. He had never, before the commencement of the action, presented the claim upon which the action was founded to the treasurer of the city for payment, or for any purpose, but he had presented it to the mayor and common council and they had rejected it. The cause was tried and a verdict rendered in plaintiff's favor for the sum of $300. The clerk having declined on objection to insert costs in the judgment a motion was made to compel him to do so. Upon the hearing an affidavit of the defendant's treasurer was read, in which he said " that during all the time between the occurrence of the accident, on account of which this action is brought and the commencement of this action, he was the treasurer of the said city of Kingston and the chief fiscal officer thereof."

*John J. Linson,* for the appellant.

*E. S. Wood,* for the respondent.

LEARNED, P. J.:

The affidavit of Grove Webster, used on this motion, states positively that at the time of the occurrence and of the commencement of the action he was the chief fiscal officer of the city of Kingston. There is no affidavit denying this. He further states that he was the treasurer; which word would itself seem (unless some contrary proof were given) to indicate that he was the chief fiscal officer. At any rate, the fact is not disputed on the affidavit. And if we look at the charter, chapter 150, Laws of 1872, we find the authority for the appointment of a treasurer, and we find no other person who can be called the chief fiscal officer. I do not think that to make section 3245 of the Code of Civil Proceedure applicable it is necessary that the officer be denominated " chief fiscal officer." Those words are descriptive and in this case they describe the treasurer of Kingston. Hence under *Baine* v. *City of Rochester* (85 N. Y., 523), it is of no consequence that this officer was not authorized to adjust the claim That case decides this.

Order should be reversed, with ten dollars costs and printing disbursements and motion denied, with ten dollars costs.

BOARDMAN, J., concurred.

BOOKES, J. (dissenting):

This is an appeal from an order allowing costs of the action to the plaintiff. The plaintiff had a recovery in his favor for $300 damages in an action for negligence. The defendant insists that he. is not entitled to costs, because of his omission to present his claim for damages for payment to the defendant's treasurer before the commencement of the action. (Code of Civil Pro., § 3245.) The plaintiff answers that although he did not present his claim to the defendant's *treasurer* he did so present it to the mayor and common council of the appellant, which was by them rejected.

The law of 1859 (Sess. Laws of 1859, chap. 262, § 2), relating to the allowance of costs in cases of recoveries against municipal corporations, was held not to apply to actions for unliquidated damages arising *ex delicto*. (*McClure* v. *Supervisors of Niagara*, 50 Barb., 594; affirmed in Ct. of App., 4 Abb. [N. S.], 202; *Butler* v. *City of Rochester*, 4 Hun, 321; *Quinlan* v. *City of Utica*, 11 id., 217; affirmed, 74 N. Y., 603.) Section 3245 of the Code of Civil Procedure is more specific and comprehensive in its language than was the law of 1859. That section is as follows: "Costs cannot be awarded to the plaintiff in an action against a municipal corporation in which the complaint demands judgment for a sum of money only, unless the claim upon which the action is founded was, before the commencement of the action, presented for payment to the chief fiscal officer of the corporation." It will be observed that this provision embraces every case in which judgment is demanded in the complaint "for a sum of money only," hence it is not to be limited in its effect to actions on contract.

The plaintiff's claim in this case was, before the commencement of the action, presented for payment to the mayor and common council of the city, and was by them rejected. According to the decision in *Butler* v. *The City of Rochester* (4 Hun, 321), such presentation and the rejection of the claim by the municipal authorities, should be held to be a sufficient compliance with the law in a case like the present, where the corporate powers were so distributed that the officer, who from his duties might be assumed to be the chief fiscal officer of the corporation, has no power to reject or to allow and pay the claim if presented to him. The court here remarked as follows: "The claim was presented to the common

council, who alone could authorize its payment, and it was rejected. The treasurer is a subordinate officer. The relation between him and the common council in matters of this kind resembles that of an agent to his principal, and a presentation to the higher authority is equivalent to one to the lesser." It should be added that the purpose of the law is answered in such case, that purpose being this: that the claim should be laid before the common council for its action by allowance or disallowance, having in view the saving of costs in case it should be found right and just.

It is suggested and urged that the decision above cited is overruled by the Court of Appeals in *Bain* v. *The City of Rochester* (85 N. Y., 524). We think otherwise. What was there decided was this: that it was no answer to the requirement of the provision of law *there under consideration* that the chief fiscal officer of the city "was not authorized to adjust or pay the claim on presentation." This decision was made in direct obedience to the law which in that case expressly declared that the city treasurer should, "by virtue of his office, be the chief fiscal officer of the city." (Laws of 1880, chap. 14, § 72.) The law itself so declared, so there was nothing open in that regard for intendment or construction. This provision did not exist in 1875 when the Butler case was decided, but was a new provision brought into the consolidated charter of the city of Rochester, adopted in 1880. The decision in Bain's case does not therefore touch the decision in Butler's case, which holds good in a case like the present, where there is no law expressly declaring who shall be "the chief fiscal officer" to whom presentation of a claim against the city should be made. The subject is here open to intendment. That the treasurer is such officer can be upheld only by force of construction. But why hold that one who performs ministerial duties, merely, is the chief fiscal officer of the corporation in preference to those on whom devolve the right and power to act discretionary or *quasi* judicially in the particular matter? Besides, if presentation be made to the treasurer, the purpose of the law might be frustrated by his omission to lay the claim before the municipal officer or officers charged with its audit. And again, some municipal corporations of the State have no treasurer, but in his place have an officer designated "receiver of taxes," with auditors and village trustees and president in the place of a common council.

Now, it is the *chief* fiscal officer to whom presentation should be made; not to an inferior or subordinate one. It is directed to be made to officers of the highest grade having the fiscal affairs of the municipality in charge. Chief fiscal officers are not those who may merely handle money placed in their hands for disbursement, in contradistinction to those who are authorized to manage and direct fiscal affairs. In view of the subordinate duties which pertain to the office of treasurer, and of the superior right and power of the common council over the fiscal affairs of the municipality, and inasmuch as the subject is open to construction, I am constrained to adhere to the conclusion declared in Butler's case.

The order appealed from should be affirmed, with ten dollars costs of appeal and expenses for printing.

Order directing clerk to insert costs reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.