MICHAEL JUDSON, APPELLANT, *v.* THE VILLAGE OF OLEAN, RESPONDENT.

*Costs in an action for personal injuries — when not allowed unless a claim has been presented to the chief fiscal officer of a village — costs includes disbursements — Code of Civil Procedure, sec. 3245.*

An action against a municipal corporation, to recover damages for a personal injury, falls within the provisions of section 3245 of the Code of Civil Procedure, providing that costs cannot be awarded to the plaintiff unless the claim

JUDSON v. VILLAGE OF OLEAN.

upon which the action is founded was, before the commencement thereof, presented to the chief fiscal officer of the corporation for payment.

The word "costs" includes disbursements.

*It seems,* that a failure to comply with the requirements of this section is not excused by proof that the chief fiscal officer has no authority to adjust and pay the claim on presentation.

APPEAL from an order of the Erie Special Term, denying the plaintiff's motion to compel the clerk of Cattaraugus county to tax his costs and disbursements in the above entitled action.

*George H. Phelps,* for the appellant.

*Fred. W. Kruse,* for the respondent.

HAIGHT, J. :

This case was brought to recover damages for personal injuries. The defendant is a municipal corporation. The plaintiff recovered a verdict for $4,000. The claim up on which the action was founded was never presented to the chief fiscal officer or any other officer of the corporation for payment.

It is contended, on the part of the appellant, that actions arising out of claims *ex delicto* are not required to be presented to the chief fiscal officer for payment. This was undoubtedly the case under chapter 262 of the Laws of 1859, in cases where the charter of the municipal corporation did not give the power to the chief fiscal officer to audit and pay such claims. Section 3245 of the Code of Civil Procedure provides " that costs cannot be awarded to the plaintiff in an action against a municipal corporation in which the complaint demands a judgment for a sum of money only ; unless the claim upon which the action is founded was, before the commencement of the action, presented for payment to the chief fiscal officer of the corporation." An action to recover damages for a personal injury is an action in which the complaint demands judgment for a sum of money only, and is consequently within the express provisions of the section. In this regard it is more comprehensive than the act of 1859. This question has recently been considered by the General Term of the Third Department in the case of *Dressell* v. *City of Kingston* (32 Hun, 526), in which case the conclusion was reached that this section of the Code covered actions *ex delicto* as well as claims founded on contract. In that case the

members of the court differed as to what was meant by the chief fiscal officer. Bockes, J., dissenting, was of the opinion that the presentment of the claim to the mayor and common council for payment was a sufficient compliance with the Code. This view was recently adopted by this court in the case of *Grier* v. *The City of Lockport* (21 N. Y. Weekly Dig., 444). This question, however, does not arise in the case under consideration, for the claim was not presented to any officer.

Again, subdivision 12, section 3, title 3 of the defendant's charter (chap. 110 of 1882) gives to the board of trustees the power to audit all accounts and claims against the village, and order the payment of such as shall be allowed. Section 2 of title 7 authorizes the board of trustees to raise such further sum or sums of money, in any year, by a general tax as they may require, so that under the provisions of the charter the board of trustees had the power to audit and order the payment of the plaintiff's claim, and also had the power to raise the necessary money to make the payment. The question is not, therefore, open to the argument that the presenting of the claim would have been useless, for the reason that the officers had no power to audit or allow the same. The case of *Baine* v. *The City of Rochester* (85 N. Y., 523) we do not regard in point, for the reason that the claim in that action arose out of contract, and yet the court, in construing the section of the Code in question, distinctly held that it was no answer to the requirements of the section that the fiscal officer was not authorized to adjust and pay the claim on presentation. We are consequently of the opinion that the presenting of the claim to the chief fiscal officer of the defendant's corporation for payment, before the commencement of the action, was a condition precedent to the right to be awarded costs, and that the word costs covers the disbursements.

The order should be affirmed, with ten dollars costs and disbursements.

Smith, P. J., Barker and Bradley, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.