## LYDIA A. GAGE, RESPONDENT, *v.* THE VILLAGE OF HORNELLSVILLE, APPELLANT.

*Costs — who is to be deemed the chief fiscal officer of a corporation within the meaning of section 3245 of the Code of Civil Procedure.*

The board of trustees of the village of Hornellsville, acting as such, and not the treasurer thereof, is "the chief fiscal officer of the corporation" within the meaning of that term as used in section 3245 of the Code of Civil Procedure, prohibiting the allowance of costs to the plaintiff, in an action against a municipal corporation, unless the claim upon which it is founded was, before the commencement of the action, presented for payment to its chief fiscal officer.

In the absence of any express designation in the act of incorporation of the officer who is to be deemed the chief fiscal agent, it is most reasonable to say that the officer, or the board of officers, who are vested with the power to allow and direct the payment of all claims made against the corporation, is its chief fiscal officer rather than the officer whose only duty it is to pay out the money on the claim after it has been so ordered by others.

APPEAL from an order of the Monroe Special Term denying the defendant's motion for a retaxation of costs.

The plaintiff received injuries to her person by reason of the defective condition of a sidewalk within the limits of the village of Hornellsville, and recovered a judgment on a trial before a referee for the sum of $356. Costs were taxed in her favor for the sum of $185.82. The defendant moved to set aside the taxation upon the ground that the plaintiff did not, before commencing her action, present her claim for payment to the chief fiscal officer of the corporation. The village was incorporated and acting under the provisions of chapter 288 of 1867.

*I. W. Near*, for the appellant.

*Bemis & Orcutt*, for the respondent.

BARKER, J.:

The counsel for the defendant contends that the treasurer is the defendant's chief fiscal officer within the meaning of section 3245 of the Code of Civil Procedure.

The plaintiff argues that the members of the board of trustees, acting as a board, are the chief financial officers and are charged with the financial affairs connected with the municipal government.

The claim was not presented to the treasurer, but was to the board of trustees, who considered, acted upon and rejected the same. The treasurer is elected at each annual charter election. He is not designated in the charter or by any by-law as the fiscal officer of the defendant corporation. He is not authorized to audit or allow any claims whatever made against the corporation; nor is he a member of any board charged with such duties. His only duties are to receive, keep and disburse the funds of the village upon written orders, and to keep a proper account of the moneys so received and paid out, and to make an annual report to the board of trustees showing the condition of his account. All claims against the corporation must be presented in writing to the board of trustees, and if audited the same must be by a resolution entered in the journal stating the fund out of which it is made payable. When so allowed, and the resolution certified by the clerk and signed by the president, the same is to be paid by the treasurer out of any proper funds in his hands for that purpose. By other provisions of the charter the board of trustees have the power to determine the sums of money which shall be annually levied and assessed upon the property for municipal purposes, and to examine all accounts and claims against the village and allow such as are just and legal.

The duties of the treasurer are purely clerical. He is vested with no discretion and not called upon to do any act which requires the exercise of his judgment on financial questions. All such duties are imposed upon the board of trustees, and they, acting as a board, constitute, in our opinion, the chief financial officer of the village of Hornellsville within the meaning of the phrase as used in the section of the Code under consideration. It does not follow from the mere circumstance that the officer having the custody of the funds of a municipal corporation, and charged with no other duties except to pay out the same on written orders is designated treasurer, that he is its chief financial officer. In many municipalities the comptroller and not the treasurer is made the fiscal officer by reason of the duties he is to perform. If he had been designated in the charter as the chief fiscal officer for the municipality that would determine the character of his office so far as it is involved in the question under consideration. (*Baine* v. *City of Rochester*, 85 N. Y., 523.) But as he is not in terms designated as such officer

we must examine all the provisions of the charter for the purpose of ascertaining who, among its officers, occupies that position. Unless some provision can be found to the contrary it is most reasonable to say that the officer or the board of officers who are vested with the power to allow and direct the payment of all claims made against the corporation is its chief fiscal officer, rather than the officer whose only duty it is to pay out the money on the claim, after it has been so ordered by others. This is the view we took of the case of *Grier* v. *The City of Lockport* (21 N. Y. Weekly Dig., 444), which presented similar questions.

The order should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.