WILLETT FISHER, APPELLANT, *v.* THE VILLAGE OF CORTLAND, RESPONDENT.

*Practice — when the treasurer of a village is its chief fiscal officer within the meaning of section 3245 of the Code of Civil Procedure.*

Under the provisions of the charter of the village of Cortland (1864, chap. 406) the treasurer of the village, and not the common council thereof, is "the chief fiscal officer of the corporation" within the meaning of these words as used in section 3245 of the Code of Civil Procedure, which prohibits the allowance of costs to the plaintiff, in actions against municipal corporations, unless the claim upon which it is founded was, before the commencement of the action, presented to that officer (FOLLETT, J., dissenting.)

*Dressell* v. *The City of Kingston* (32 Hun, 526); *Baine* v. *The City of Rochester* (85 N. Y., 523), and *Judson* v. *The Village of Olean* (40 Hun, 158) followed.

APPEAL from an order made at the Cortland Special Term, denying the plaintiff's motion for a retaxation and for costs, after a judgment had been recovered by the plaintiff.

The action was brought to recover for personal injuries sustained by plaintiff in one of the streets of the defendant's village, and for the recovery of a sum of money only. Before the commencement of this action the plaintiff appeared before "the common council, while in actual session, and made a verbal statement of his injuries and claimed he ought to be paid something, but stated no amount. Being asked

what the amount was, he replied he could not tell. Two of the trustees, in an affidavit, said that the board concluded not to allow him anything; others of the trustees said that no claim was presented, and none was rejected." The Special Term held that "the claim of the plaintiff was never presented to the common council within the meaning of the statute." No claim was presented to the treasurer of the defendant before this action was commenced.

*Oliver Porter*, for the appellant.

*Fred. Hatch*, for the respondent.

HARDIN, P. J.:

In section 2 of chapter 406 of the Laws of 1864, is found a provision of defendant's charter providing for the election of a treasurer, and in section 16 of the same act it is provided, viz: "The treasurer shall receive all moneys belonging to said corporation, and disburse the same under the direction of the board of trustees; make and keep a correct record of all such receipts and disbursements; prepare at least two weeks before the annual election, and file with the clerk of the village, an account of the state of the finances of said village, and of the receipts and disbursements during the year, and at every time, when requested by the board of trustees, furnish them such statement in relation to the finances and the receipts and disbursements and debts, dues and demands of the said corporation, as the said board may, by resolution, demand; and perform such other duties as the said board of trustees may ordain." Section 21 of the act provides: "The trustees shall have the management and control of the finances." * * * Section 39 of the act requires the collector of the taxes to pay over "all moneys collected by him to the village treasurer."

In *Dressell* v. *The City of Kingston* (32 Hun, 526), the court refers to chapter 150 of the Laws of 1872, for the purpose of determining whether the treasurer is the chief financial officer. The provisions found therein, in relation to the powers and duties of the treasurer of that city, are quite similar to the provisions we have quoted from defendant's charter. It was there held that the treasurer was the chief financial officer, and that, according to the provisions of section 3245 of the Code of Civil Procedure, a claim

should be presented to such officer before suit, to entitle plaintiff to have costs allowed him in case of a recovery in an action like the one before us. We regard that case as an authority directly in point, and consider it our duty to follow it. (See also *Baine* v. *The City of Rochester*, 85 N. Y., 523.) *Judson* v. *The Village of Olean* (40 Hun, 158) recognizes the authority of *Dressell* v. *Kingston* (*supra*), and, we think, supports the order now before us. In *Williams* v. *The City of Buffalo* (25 Hun, 302) it appeared "the action was for work done in building an engine-house for the city," and the right to costs was resisted because the claim had not been presented to the comptroller. The case is, therefore, not exactly in point, and it is probable that the case of *Baine* v. *The City of Rochester* (*supra*) had not been reported, and that the attention of the court was not called to the opinion of the Court of Appeals.

We are of the opinion the plaintiff did not make out a compliance with section 3245 of the Code of Civil Procedure, and therefore is not entitled to costs of this action.

The order should be affirmed, with ten dollars costs and disbursements.

Follett, J., concurred.

Boardman, J.:

The case of *Gage* v. *Village of Hornellsville* (41 Hun, 88), published since this opinion was written, is hostile to the view taken by Judge Hardin. *Baine* v. *City of Rochester*, however, clearly holds that the power of the treasurer to audit and allow a claim, and provide means of payment, has nothing to do with the requirement of service of notice. The object was to secure notice, and the chief financial officer was named as the person on whom the notice should be served. The common council or board of trustees is not an officer or a financial officer, though they have various powers making a financial officer necessary. I must concur in the opinion.

Order affirmed, with ten dollars costs and disbursements.