[Filed February 29, 1888.]

## W. P. LOCKWOOD, RESPONDENT, v. A. HANSEN, APPELLANT.

COSTS AND DISBURSEMENTS—MUTUAL ACCOUNTS—WHAT ARE.—A claim for a balance due for work done, after deducting a single payment, does not constitute a case involving a "mutual account," within the meaning of section 549 of Hill's Code.

APPEAL from Baker County.    Reversed.

*G. O. Holman*, and *Shaw & Gregg*, for Respondent.

*Olmstead & Anderson*, for Appellant.

LORD, C. J.—The plaintiff sued the defendant in the Circuit Court for services rendered by himself and team for $251, less the sum of $45, to be deducted as a payment, and claimed judgment for $206.    The defendant, after making the usual denials, "except as hereinafter stated," set up that the agreement between the plaintiff and himself was, that the plaintiff was to furnish a team and driver to carry guests to and from his hotel, and that he, the defendant, was to furnish the hack and board the driver, etc., and also alleges a tender of $36.50, which he claims is all that he owes the plaintiff under such an agreement with the deductions to which he is entitled.    The reply put in issue this matter, a trial was had, and a verdict rendered for the plaintiff for the sum of $45.50, for which the court on motion gave judgment with costs.    The only question presented is the allowance of costs; the defendant contending that the sum found to be due the plaintiff under the agreement being less than $50, he was not entitled to costs under subdivision 5, section 549, of Hill's Code, and the plaintiff contending that the matter in litigation was an open, mutual account, and under subdivision 3 of that section, being more than $150, the judgment for costs was allowed and there was no error.    According to the plaintiff's statement this is not a case of mutual accounts, but simply a claim for a balance due for work after deducting a payment of $45 as stated.    Payments on a claim are not items of account in favor of the party making them, and the plaintiff

certainly cannot claim that effect for them. Accounts are said to be mutual where each party makes charges against the other in his books for property sold, services rendered, and money advanced. (*Edmondstone* v. *Thompson*, 15 Wend. 556.)

In the language of an elementary writer, "mutual accounts are made up of set-off. There must be a mutual credit founded upon a subsisting debt on the one side, or an express or an implied agreement for a set-off—mutual debts. . . . . There must be a mutual, or as it has been expressed, an alternate course of dealing. Where payments on account are made by one party, for which credit is given by the other, it is an account without reciprocity, and only upon one side." (Angell on Limitations, § 149.) So that taking the statement of the plaintiff as an account for services rendered, the balance for which he sues shows that the payment was appropriated and left nothing outstanding except such balance. Upon this theory the defendant had no claim against the plaintiff. But he seeks now to construe it as a mutual account by considering it in connection with the matter set up in the answer. The answer, however, only shows what the real agreement was between the parties, and that the defendant kept his part, and offered or tendered payment of what he conceived to be the balance due the plaintiff.

There is nothing in the transaction which indicates there was mutual dealings or accounts and reciprocal demands between the parties. If the plaintiff had sued on account for services rendered, and the defendant had set up items as a set-off or counter-claim growing out of their mutual dealings, which constituted an affirmative claim in favor of the defendant, a case, so to speak, where each party had a claim against the other upon which either party might sue, it would come within the meaning of mutual accounts. As it is, we do not think this is a case to which the subdivision of the section referred to can apply.

It is claimed by the defendant that the plaintiff was not entitled to recover costs under subdivision 5 of section 549, because the amount recovered was less than fifty dollars, and that it was error to refuse or deny his motion for costs. Section 541 provides that costs are allowed of course to the defendant in

the actions mentioned in section 549, unless the plaintiff is entitled to costs therein. Under subdivision 5 of section 549 in an action for the recovery of money or damages to entitle the plaintiff to costs, he must recover fifty dollars or more. The plaintiff in this case recovered less, and was not entitled to costs, and according to section 541, *supra*, he was entitled to costs of course. This would seem to be the plain reading of the subdivision and sections referred to, although it seems that subdivision 5, *supra*, has been subject to some fluctuation of prejudicial opinion in New York, whence the section with its subdivisions were taken. (See *Kalt* v. *Lignot*, 3 Abb. Pr. 190. *Contra, Crane* v. *Holcomb*, 2 Hilt. 271; *Thayer* v. *Holland*, 63 How. Pr. 180.)

In *Crane* v. *Holcomb, supra,* it was held that in actions for the recovery of money unless the plaintiff recovers fifty dollars or more, the defendant is entitled to costs, of course, and that a judgment entered in favor of the defendant for his costs, after deducting the sum found due the plaintiff, was regular. Helton, J., said: "The plaintiff's right to costs, of course, is not dependent merely upon his being the prevailing party, but rests entirely upon the fact whether in an action falling in the subdivision referred to, he recovers fifty dollars or more." In this case the recovery being under fifty dollars it is very clear that the plaintiff is not entitled to costs, and as section 305 provides that " costs shall be allowed, of course, to the defendant in the action mentioned in the last section, unless the plaintiff is entitled to costs therein, it seems equally clear that the judgment in the action in favor of the defendant was properly entered, and the motion to vacate it must be denied." An appeal being taken from this decision to the general term, Daly, J., said: "As the plaintiff by the fourth subdivision of the three hundred and fourth section is not entitled to costs, it follows in my judgment, as a matter of course, from the three hundred and fifth section that the defendant is entitled to costs. The fourth subdivision of section 304 declares in effect that the prevailing party shall not recover costs in actions for the recovery of money, unless he recover fifty dollars or more; and the next section, 305, provides that if in such action the plaintiff is not entitled to

costs, that costs shall be allowed to the defendant.   These two sections are clear and explicit, and are not controlled by anything contained in section 303." And this, too, seems to be the construction in *Baine* v. *City of Rochester*, 85 N. Y. 526, although the point was not directly involved, in which the court say: "By the fourth subdivision of section 3228, the plaintiff is entitled to costs in an action on money demand other than those previously specified, provided he recovers fifty dollars or more; and by section 3229 the defendant is entitled to costs in an action specified in section 3228, unless the plaintiff is entitled to costs as therein specified."

It follows that it was error to allow the plaintiff costs, and the judgment must be reversed, with directions to enter judgment in accordance with this opinion.