[ Filed March 31, 1890.]

## J. W. RAYBURN, RESPONDENT, *v.* L. L. HURD, JAMES A. CAUTHORN ET AL., APPELLANTS.

COSTS—WHEN PLAINTIFF ENTITLED AND WHEN NOT.—In an action upon a contract to recover money or damages, the plaintiff is not entitled under the Code of Civil Procedure to costs and disbursements unless he recover $50 or more; except it be an action involving an open mutual account, and the sum total of the accounts of both parties exceed $150. Where in an action upon a note to recover an amount due thereon exceeding the sum of $50, the defendants by pleading a counter-claim reduced the amount of the recovery to a less sum than $50; *held,* that the plaintiff was not entitled to recover costs and disbursements in the action. *Held, further,* that the decision of this court in *Roberts* v. *Carland,* 1 Or. 333, construing the former statute of the Territory of Oregon in regard to the allowance of costs and disbursements, had not been followed by the courts of the State in the construction of the provisions of the Code upon the subject, and could not be without doing violence to the language of the legislature.

APPEAL from Benton county: R. S. BEAN, judge.

The respondent commenced an action against the appellants in the county court of Benton county to recover upon a certain note for the payment of money, executed by appellants to one J. C. Young for the sum of $350 and assigned to respondent.

The appellants filed an answer in the action in which they set up counter-claims against the note arising out of matters of indebtedness alleged to be due them from Young at the time of his assigning the note to respondent amounting to $360.94.

The case was tried in the county court and judgment recovered therein in favor of the respondent, from which judgment the appellants took an appeal to the said circuit court, where the action was tried by jury, who returned a verdict for the respondent for $20.06, upon which a judgment was entered in his favor, and costs and disbursements allowed him by the court, from which allowance of costs and disbursements the appeal herein was taken.

*J. R. Bryson* and *W. S. McFadden,* for Appellants.

*J. W. Rayburn* in person.

PER CURIAM.—The respondent contends that as his claim amounted to $350 and was reduced by offsets to the

amount recovered, he was entitled to costs and disbursements, although he failed to recover $50, and he cites *Roberts* v. *Carland*, 1 Or. 333, in support of his contention. Subdivision 3 of section 549, Civil Code, provides when a plaintiff shall be entitled to recover costs and disbursements in an action for the recovery of money when the amount of the recovery is less than $50, to wit: "In an action involving an open mutual account, when it appears to the satisfaction of the court that the sum total of such accounts of both parties exceeds $150."

In all other actions for the recovery of money or damages, the plaintiff is not entitled to recover costs and disbursements unless he recover $50 or more; except in actions for assault, battery, and like cases, he is entitled to recover as much costs and disbursements as damages, where the recovery is less than $50; and in an action to recover the possession of personal property, where he recovers property or the value thereof, and damages for its detention, in all less than $50, he is entitled to recover costs and disbursements equal to the sum of such value and damages. Sub. 5, § 549, Code. In this case the respondent was not entitled to recover costs and disbursements under any of the provisions of the Code. Such was the effect of the decision of this court in *Lockwood* v. *Hansen*, 16 Or. 102. The decision in *Roberts* v. *Carland*, *supra*, was made under the former Territorial statute, the provisions of which were similar in many respects, in regard to the allowance of costs and disbursements, to those of the Code, yet it has never been followed by the State courts, and cannot be without doing violence to the language of the legislature upon the subject.

The decision of the circuit court appealed from will, therefore, be reversed and the case remanded to that court with directions to allow costs and disbursements in favor of the appellants.