Argued 10 February; decided 24 February, 1902.

## ALTREE v. GREGSON.

[67 Pac. 921.]

WHAT CONSTITUTES AN "OPEN MUTUAL ACCOUNT"—COSTS.

A mutual account is one involving reciprocal demands—and an open account is one not stated or agreed upon; from which it is apparent that an account on which payments have been made, but against which there are no counter demands, is an open but not a mutual account, and a judgment for less than $50 on such a claim does not carry costs, under Sections 549 and 551 of Hill's Ann. Laws.

From Lincoln: GEORGE H. BURNETT, Judge.

Action by J. C. Altree against Moses Gregson, resulting in a judgment for plaintiff for $40.79 and costs, from which defendant appeals.                    REVERSED.

For appellant there was a brief and an oral argument by *Messrs. C. E. Hawkins* and *H. C. Watson*.

For respondent there was a brief and an oral argument by *Messrs. B. F. Swope* and *B. F. Jones*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover money. The complaint contains four separate causes of action: First, it is alleged that in pursuance of a written contract the plaintiff cut and delivered to the defendant 203,466 feet of saw logs, of the stipulated value of $2.50 per thousand, amounting in the aggregate to $508.66, no part of which has been paid, except the sum of $441.55, leaving a balance unpaid of $67.11; the second and third causes of action are for labor alleged to have been performed by the plaintiff and one Oliver Altree for the defendant in July, 1900, of the reasonable value, in the aggregate, of $24; and the fourth is for money alleged to have been paid out and services rendered by the plaintiff for the defendant in scaling the logs referred to in the first cause of action. The answer denies all the material allegations of the complaint, and for a further

and separate defense alleges that between the ——— day of August, and the ——— day of September, 1900, the plaintiff cut and delivered to the defendant, as provided in the contract set up in the complaint, 176,647 feet of saw logs, and no more, of the aggregate value of $441.60; and that before the logs were scaled the defendant advanced and paid to the plaintiff thereon $459.21,—being $17.76 in excess of the amount due the plaintiff on said contract,—for which sum the defendant asks judgment. A reply having been filed, the cause was tried upon the issues thus joined, and the jury returned a verdict in favor of the plaintiff for $40.79. Thereafter, on motion of the plaintiff, judgment was rendered in his favor for the amount of the verdict and the costs and disbursements of the action. From this judgment the defendant appeals on the ground that he, and not the plaintiff, was entitled to judgment for costs.

The question raised on this appeal does not seem to have been presented to the trial court, but nevertheless the defendant is entitled to appeal if the judgment is erroneous, and that depends upon who is entitled to costs and disbursements under the statute. Section 549 of Hill's Ann. Laws provides that costs are allowed of course to the plaintiff on a judgment in his favor '' (1) in an action for the recovery of the possession of real property; (2) in an action for fines and forfeitures; (3) in an action involving an open mutual account, where it appears to the satisfaction of the court that the sum total of such accounts of both parties exceeds $150; (4) in an action for the recovery of personal property; (5) in an action not hereinbefore specified for the recovery of money or damages, when the plaintiff shall recover $50 or more''; and under section 551 costs are allowed of course to the defendant in the actions mentioned in section 549, unless the plaintiff is entitled to costs therein. As the verdict and judgment in favor of the plaintiff were less than $50, it is clear that he is not entitled to costs unless the action involved an open, mutual account. An open account is one not stated or agreed upon; and mutual accounts are such as consist of a reciprocity of dealing between the parties, each having a claim against the other for property

sold, services rendered, money advanced, etc. A mere payment by one party to a contract is not sufficient to constitute such an account: 1 Cycl. Law & Proc. 363; *Lockwood* v. *Hansen,* 16 Or. 102 (17 Pac. 575); *Purvis* v. *Kroner,* 18 Or. 414 (23 Pac. 260). Now, there were no reciprocal dealings between the parties to the action, and hence no mutual charges. Under a contract with the defendant, the plaintiff cut and delivered to him a certain quantity of saw logs, upon which defendant had made payments amounting in the aggregate to a certain sum; but, under all the authorities, that did not make the transaction an open, mutual account, within the meaning of the statute. The defendant, and not the plaintiff, was therefore entitled to costs. The judgment appealed from will be reversed as to the award of costs, and the cause remanded, with directions to enter a judgment in accordance with this opinion .

REVERSED.

Decided 3 March; rehearing denied 21 April, 1902.