CITY OF NEWARK, A MUNICIPAL CORPORATION, AND COMMISSIONERS OF ASSESSMENTS FOR LOCAL IMPROVEMENTS OF THE CITY OF NEWARK, PROSECUTORS, v. WILLIAM A. SMITH, JUDGE OF THE ESSEX COUNTY CIRCUIT COURT, AND CITY BANK FARMERS TRUST COMPANY, AS SUBSTITUTED TRUSTEE OF THE ESTATE OF JAMES HERBERT LEDWITH, DECEASED, DEFENDANTS.

Submitted May 4, 1937—Decided March 15, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Frank A. Boettner* (*Vincent J. Casale,* of counsel).

For the defendants, *Wall, Haight, Carey & Hartpence* (*Frederick Groel* and *George G. Tennant, Jr.,* of counsel).

The opinion of the court was delivered by

HEHER, J. The commissioners of assessments for local improvements of the city of Newark, after hearing had upon notice to the parties in interest, certified to the Essex Circuit Court their assessments for benefits ensuing from the widening of Mulberry street, in the city of Newark; and on December 2d, 1932, Judge Mountain, by formal order, fixed December 9th, 1932, as the time for the hearing of objections thereto, and directed that notice thereof be given to the affected property owners by publication "in at least two of the official papers of the city of Newark, for five successive days prior to such date." The prescribed notice was published on December 3d, 5th, 6th, 7th and 8th, 1932. There was no publication on Sunday, December 4th. The statute provides that the Circuit Court "shall cause such notice to be given as it shall direct." *Pamph. L.* 1925, *p.* 239.

The hearing was held at the time so designated, and the report of the assessment commissioners was confirmed, except as to certain owners who appeared and entered objections; and it was ordered to be transmitted, with the order of confirmation, to the comptroller of the city of Newark.

No objection to the report was submitted on behalf of the City Bank Farmers Trust Company, as substituted trustee of the estate of James Herbert Ledwith, deceased, the owner of two lots so assessed. The claim is that it did not have actual notice of the hearing thus scheduled. On June 3d, 1936, it presented a verified petition to the Circuit Court, setting forth, *inter alia,* that no benefits had accrued to its lands by reason of the improvement, and the assessment was therefore "improperly made;" that, "despite the provision of

the statute" adverted to, no notice of the hearing on the confirmation of the assessor's report, "other than by publication, was given" to it; that by reason thereof it was deprived of a right secured by the statute to object to confirmation of the report; that it had "neither notice nor knowledge" of the confirmation of the assessment until July 26th, 1935; and that it had ever since been engaged in efforts to "adjust the lien of the assessment" with the municipality, but without result. It was established by an attached affidavit that it did not receive actual notice of the original hearing before the commissioners for the purpose of making the assessment. Notice of this hearing was addressed to "J. Herbert Ledwith c/o City Meat Market, 103 Mulberry Street, Newark, New Jersey," although Ledwith died on August 16th, 1910. But counsel for the landowner concedes the "point is not an issue in this case." There were prayers for a vacation of the order of confirmation and a remand of the matter to the assessment board for revision and correction. Upon the hearing on an order to show cause made thereon, the order of confirmation was vacated in so far as the petitioner's lands were concerned, and the matter was remanded to the assessment board for "revision and correction," after a hearing on notice to the petitioner. The proceedings are here on *certiorari* sued out by the city and the assessment commissioners.

We think the order so made is *coram non judice*. The prescribed statutory notice of the hearing on the confirmation of the report was given to the landowner, and there was therefore jurisdiction to enter the order of confirmation. Such a confirmation proceeding is *in rem* and not *in personam;* and reasonable notice by publication satisfies the demands of due process of law as guaranteed by the federal and state constitutions. Where that is the sole requirement of the statute, actual or personal notice to the affected landowner is not requisite. *State* v. *Plainfield,* 38 *N. J. L.* 95; *State* v. *Jersey City,* 27 *Id.* 536; *Wilson* v. *Trenton,* 53 *Id.* 645; *State, Van Solingen, Pros.,* v. *Harrison,* 39 *Id.* 51; *Paulsen* v. *Portland,* 149 *U. S.* 30; 13 *S. Ct.* 750; 37 *L. Ed.* 637; *Wigth* v. *Davidson,* 181 *U. S.* 371; 21 *S. Ct.* 616; 45 *L. Ed.* 900.

Where the statute provides for constructive notice by publication only, the publication "must be of such a character as to create a reasonable presumption that the owner, if present and taking ordinary care of his property, will receive the information of what is proposed and when and where he may be heard." *Bellingham Bay, &c., R. Co.* v. *City of New Whatcom,* 172 *U. S.* 314; 19 *S. Ct.* 205; 43 *L. Ed.* 460. Here, there is no claim of deficiency in this respect.

Nor is there merit in the claim of non-compliance with the direction of the order that the notice be published "for five successive days." Sunday is *dies non juridicus.* This is a general policy that has always pervaded our law; and the matter in hand is not within the reason of any of its exceptions, real or apparent. And it seems to be the general rule in this country. *McChesney* v. *People,* 145 *Ill.* 614; 34 *N. E. Rep.* 431; *Sewell* v. *City of St. Paul,* 20 *Minn.* 511; *Havens* v. *Stiles,* 8 *Idaho* 250; 67 *Pac. Rep.* 921; *State* v. *Ricketts,* 74 *N. C.* 193; 25 *R. C. L.* 1447, 1448.

We are in accord with the view expressed on behalf of the landowner that, notwithstanding the provision of the statute adverted to that the confirmation of such a report "shall be final and conclusive" upon the parties, the Circuit Court, sitting as it does in a judicial capacity as regards the confirmation of the assessor's report, is invested with the power to vacate an order of confirmation for irregularity, mistake, fraud, excusable neglect, or like just cause. But, there being no limitation in the statute itself, the jurisdiction to reopen or vacate can be exercised only while the "cause remains under 'the court's' control, provided the moving party embraces the first opportunity he has of presenting his case." *Assets Development Co.* v. *Wall,* 97 *N. J. L.* 468; *Breen Iron Works* v. *Richardson,* 115 *Id.* 305; *affirmed,* 117 *Id.* 150; *Katz* v. *Zapela,* 10 *N. J. Mis. R.* 258; *affirmed,* 110 *N. J. L.* 14; *Rose* v. *Wagner Construction Co.,* 2 *N. J. Mis R* 118; *Bell* ads. *Kelly,* 17 *N. J. L.* 270. Here, the landowner was plainly in default; it did not avail itself of the first opportunity to present its case.

The order under review is therefore reversed, with costs.