William B. Lawless, J.
This is a motion by the plaintiffs to vacate and set aside a judgment for costs entered against them by the defendants. The action was instituted by the plaintiffs against the several defendants for personal injuries sustained in a four-car collision. After a trial before a jury a verdict was rendered in favor of the plaintiffs against defendants Gardiner and Papathanasiou and “No cause for action ” in favor of the defendants English, Braun and Canaski. Plaintiffs entered their judgment which included costs. Defendant Canaski entered judgment against the plaintiffs without costs and defendants English and Braun entered judgment against the plaintiffs which included costs.
It is the position of the defendants in this proceeding that their right to costs arises from CPLB 8101. The plaintiffs herein rely upon CPLB 8101, 8103 and 8108, CPLB 8101 reads: ‘ ‘ The party in whose favor judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all the circumstances. ” CPLB 8103 reads: “ Upon the recovery of a judgment in favor of the plaintiff, the court may award costs in the action to a defendant without denying costs to the plaintiff, if it determines that a cause of action upon which the defendant prevailed is not substantially the same as any cause of action upon which the plaintiff recovered the judgment. ’ ’
The court does not read these two sections as mutually exclusive. In the explanatory note following CPLB 8103 in McKinney’s Consolidated Laws of New York (Book 7 B) it is stated: “ Where more than one judgment is entered, section 8101 would permit denial of costs to the defendant who recovered, if his cause of action is substantially the same as the one upon which the plaintiff prevailed against his co-defendant.” Weinstein-KornMiller, N. Y. Civ. Prae. (vol. 8, par. 8103.03) provides: “ When judgments are entered in favor of both the plaintiff and defend *594 ant, CPLR 8101 governs. The court has discretion under that section to deny costs to the defendant who recovered a judgment if his cause of action is substantially the same as the one upon which the plaintiff prevailed against another defendant. ” Again at paragraph 8101.11 of Weinstein-Korn-Miller is it stated: “ Under CPLR 8101, the entry of a separate judgment in favor of a defendant entitles him to costs in an action subject to the court’s power to deny costs * * * the court has discretion under CPLR 8101 to employ the standard set out in CPLR1 8103, and to deny costs to a defendant even when a separate judgment is entered in his favor if he prevailed upon a cause of action that is substantially identical to one on which the plaintiff succeeded against a codefendant. ’?
The major departure from prior- law of CPLR 8101 occurs in those actions in which costs formerly were as of right because CPLR 8101 gives the court the power to deny costs in any action. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8101.05.) For opposing parties to recover costs then, the plaintiff and defendant must prevail on dissimilar causes of action. In the instant case and fo.r the purposes of this motion, it does not appear that there were separate causes of action pleaded or asserted. It would appear that the plaintiffs prevailed against some defendants and not against others because of the strength of their proof against all defendants as the jury determined it and not because of any separate or different or dissimilar cause of action asserted by the successful defendants.
The theory of costs is that they are in a sense indemnification fo,r a party against the expense of successfully asserting his rights in court. The theory upon which they are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to the defendant, that the plaintiff sued him without cause, (Stevens v. Central Nat. Bank, 168 N. Y. 560; Mercantile Factors Corp. v. Warner Bros. Pictures, 215 App. Div. 530, affd. 244 N. Y. 504; Ferguson v. Arnow, 142 N. Y. 580.) In the cause of action which arose among the parties herein, resulting from a multiear accident, it cannot be said that the plaintiffs’ action in suing all the defendants was a u groundless prosecution’’. It would be unreasonable to expect that the plaintiffs could ascertain? before commencement of the action, which of several defendants were liable for the. accident. This is the function of the jury in the ordinary case, and there appears to be nothing extraordinary about this case.
Another fact with which the court is impressed, in exercising its discretion is the recovery of costs by the defendants English and Braun in a companion action (tried jointly with the above *595 action) brought by a codefendant against them for property damage in which the jury returned a verdict of “ No cause for action ”. Under CPLR 8101 the court can take into consideration the recovery of costs by a plaintiff in a prior action against one defendant in determining whether costs should be denied in an action against another defendant. (8 Weinstein-KornMiller, N. Y. Civ. Prac., par. 8101.08.) The court sees no reason why the converse should not apply to a defendant who has already recovered costs against another party in the action.
In the exercise of discretion implicit in CPLR 8101 and 8103, the court grants the motion of the plaintiffs herein to vacate and set aside the judgment for costs heretofore entered against them by the defendants English and Braun, with leave to the defendants to apply to the Trial Justice who presided at the original trial for cost pursuant to CPLR 8108. (See Shell Oil Co. v. Convent Serv. Station, 39 Misc 2d 447.)