■ In the Matter of BARTON REALTY CORPORATION, Appellant, v. JOHN J. MANGAN, as Judge of the Civil Court of the City of New York, County of New York, et al., Respondents.— Judgment dismissing appellant's petition in the nature of prohibition to compel a Civil Court Judge to vacate a judgment readjusting costs, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements to either side, and petitioner-appellant's motion for judgment is granted. Respondent 437 Fifth Company, a landlord, had partially prevailed on an earlier appeal to this court in a nonpayment summary proceeding. On that appeal, this court, in a *Per Curiam*

opinion, modified an Appellate Term judgment, with an award of $50 costs to the landlord, by reinstating one decretal paragraph of the original Civil Court judgment favorable to the landlord; in other respects, the Appellate Term judgment was affirmed (*437 Fifth Co.* v. *Barton Realty Corp.*, 23 A D 2d 168, *id.* 839). Thereafter, a motion by the landlord to resettle this court's order to provide for costs to it in all courts was denied. Although nowhere stated, this denial in fact represented a considered adjudication by this court as to an appropriate division of costs. In any event, the award of costs in the Appellate Division does not mean costs in all courts, and whether such extended costs are to be granted is a matter for the appellate court to determine (see 23 Carmody-Wait, N. Y. Prac., Costs, §§ 253, 335–336; *Salerno* v. *New York Cent. R. R. Co.*, 44 Misc 2d 86). Notwithstanding denial of its resettlement motion in this court, the landlord moved in the Civil Court to resettle the final judgment so as to delete the prior award against it of costs in the Appellate Term. The Civil Court improperly granted this motion. It had no power to change the terms of a remittitur from an appellate court (*Matter of Reformed P. D. Church* v. *Municipal Ct.*, 185 Misc. 1003, 1007, affd. 270 App. Div. 993, affd. 296 N. Y. 822; *Kirkpatrick Home for Childless Women* v. *Kenyon*, 209 App. Div. 179; 7 Weinstein-Korn-Miller, New York Civil Practice, par. 5524.02, p. 55–174; 23 Carmody-Wait, N. Y. Prac., Costs, § 339). Moreover, it has been held that prohibition is an appropriate remedy to correct such an abuse of power (*Matter of Reformed P. D. Church* v. *Municipal Ct., supra*). Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.