Isadore Bookstein, J.
Plaintiff instituted an action for damages for personal injuries against the defendants, Isabelle Turpin and Hyatt S. Turpin, as owner and operator of a motor vehicle which allegedly caused his injuries due to the negligence of said defendants.
About a year later, he commenced an action against the defendant, Hunt, claiming that negligence of the operator of the Hunt vehicle contributed to the cause of the accident.
Thereafter the two actions were consolidated and the order of consolidation was silent on the question of costs.
Upon a trial, the jury rendered a verdict in favor of plaintiff for $17,000 against the defendants, the Turpins, and a verdict of no cause of action in favor of the defendant Hunt.
Plaintiff entered a judgment in his favor for the amount of recovery and filed and had taxed a bill of costs against the defendants, the Turpins. The judgment was silent as to the verdict in favor of defendant, Hunt.
Defendant Hunt then entered a judgment of dismissal based on the jury’s verdict and filed and had taxed a bill of costs against the plaintiff.
*443 Plaintiff now moves to vacate the judgment entered by defendant, Hunt, and the bill of costs in favor of such defendant, and to amend his own judgment by inserting a provision dismissing the complaint as against the defendant, Hunt.
Plaintiff bases his motion on the provisions of CPLft 8104.
The first sentence of that section is as follows: “Where two or more actions are consolidated, costs shall be awarded in the consolidated action as if it had been instituted as a single action, unless the order of consolidation otherwise provides.”
Here, the recovery was against two defendants united in interest and not against the third one who was not united in interest with the others.
The first sentence of 8104 heretofore quoted expressly says that costs shall be awarded in the consolidated action as if it had been instituted as a single action. Does this provision preclude the right of defendant, Hunt, to a bill of costs?
It must be borne in mind that the sections of CPLB dealing with costs are radically different from the sections of the Civil Practice Act dealing with that subject.
Thus, section 1470 of the Civil Practice Act provided that ‘ ‘ The plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor, in either of the ” actions therein enumerated, which included a negligence action.
Section 1475 of the Civil Practice Act provided that “ The defendant is entitled to costs, of course, upon the rendering of final judgment in an action specified in sections fourteen hundred and seventy * * * unless the plaintiff is entitled to costs as therein prescribed ”. (Italics supplied.)
And section 1476 of the Civil Practice Act provided as follows: “ Where, in an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs, of course. In that case, costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs ”, of course. (Italics supplied.)
Obviously, under the Civil Practice Act defendant Hunt was not entitled to costs, of course. She could have them only as a discretionary award by the court.
We are now dealing, however, with CPLB and not Civil Practice Act. The CPLB has no counterpart of the sections of the Civil Practice Act referred to, although, of course, some of the material in such sections is the source of some of the CPLB sections dealing with costs.
CPLB 8101 provides as follows: ‘ ‘ The party in whose favor a judgment is entered is entitled to costs in the action, unless *444 otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances.”
Certainly plaintiff, under that section, was entitled to enter a judgment in his favor against the defendants, the Turpins, and heneé was entitled to costs, as of course, as against them.
Defendant Hunt was just as fully entitled thereunder to enter a judgment in her favor and accordingly thereunder was entitled to costs, as of course. (Cf. Angelo v. Lang, 45 Misc 2d 531.)
Indeed, in Weinstein-Korn-Miller, New York Civil Practice (vol. 8, par. 8101.19, p. 81-21) the authors make the following comment: “In any instance in which separate judgments are entered in favor of two or more parties, each party in whose favor a judgment is entered is entitled to costs under CPLR 8101, unless the court has exercised its discretion and deprived one or more of the successful parties of his costs.”
Plaintiff’s motion is denied.