George Boldman, J.
This motion involves only the question of costs. The action grew out of the collision of two automobiles, one owned and operated by plaintiff Bypkema, the other owned and operated by defendant Frauenhofer. The plaintiff brought *1001 an action for property damage based upon alleged negligence of the defendant. The defendant filed a general denial, pleaded contributory negligence, and interposed a counterclaim for property damage predicated on the alleged negligence of the plaintiff.
The case was tried before the court and a jury, the jury returning a verdict of no cause of action against the plaintiff, and in favor of the defendant on the plaintiff’s cause of action, and no cause of action against the defendant and in favor of the plaintiff on the defendant’s counterclaim. Judgment was entered by the defendant dismissing the complaint of the plaintiff upon the merits, dismissing the counterclaim of the defendant upon the merits, and granting recovery to the defendant from the plaintiff for costs in the amount of $154.
The motion under consideration is for an order amending the judgment entered by the defendant insofar as it provides for the recovery of costs by the defendant by deleting such provision therefrom.
The statute under consideration, CPLR 8101, provides as follows : ‘1 The party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances.”
In this case judgment has been entered in favor of both the plaintiff and defendant, and therefore CPLR 8101 applies, and the court may disallow claimed costs to defendant, if it is found that allowance thereof is not equitable under the circumstances of the case.
“ The theory of costs is that they are in a sense indemnification for a party against the expense of successfully asserting his rights in court. The theory upon which they are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to the defendant, that the plaintiff sued him without cause.” (Benner v. English, 50 Misc 2d 592, 594.)
Applying this theory of costs to the instant case, and in light of the verdict of the jury of “ no cause of action ”, it cannot be said that the plaintiff has prevailed. The defendant defeated plaintiff’s cause of action, not by his counterclaim, for he lost on that, but rather by his general denial or his plea of contributory negligence or both.
There has been no showing that allowance of costs to the defendant would not be equitable under the circumstances.
In the exercise of discretion under CPLR 8101 the court denies the motion of the plaintiff to amend the judgment.