R. Waldron Herzberg, J.
Plaintiffs have filed a proposed judgment and bill of costs and move pursuant to OPLR 8303 (subd. [a], par. 2) for an order granting them an additional allowance of $3,000 to be taxed as costs on tbe ground that this case was difficult or extraordinary.
Tbe extraordinary nature of this case, its obvious difficulties, and tbe amount of time and expense necessarily expended in its preparation, apparent from a reading of the voluminous record, convince me that plaintiffs are entitled to an additional allowance. (See 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8303.02.)
In addition I find that tbe amount paid the official court stenographer is a proper disbursement under OPLR 8301 (subd. [a], par. 12) which permits recovery of “such other reasonable and necessary expenses as are taxable according to tbe course and practice of tbe court, by express provision *55 of law or by order of the court. ’ ’ In respect to this new practice provision the above-quoted authority in paragraph 8301.01 states “ This language, which is designed to instill a touch of judicial discretion into the subject and, of necessity, must be imprecise, encourages a litigant who is entitled to tax his disbursements to exercise his ingenuity in bringing items of cost within its scope in order to shift the financial burden of the law suit to his adversary. * * * The possibility of his success is enhanced by the fact that the propriety of taxing many items never has been litigated. Sound public policy favors expansive reading of this new provision. Especially since attorneys’ fees expended by the successful party are not taxable (see par. 8301.04), every effort should be made to make the taxing party whole by permitting recovery of other expenses of the litigation.” I agree with this new approach.
Motion granted and judgment signed.