James H. Boomer, J.
This motion poses a seemingly simple question concerning the right to costs where the jury verdict was rendered against the plaintiffs on their complaint and against a defendant on her counterclaim.
The plaintiffs sued for damages for personal injuries arising out of an automobile accident and the defendant Karen Van Dyne counterclaimed for damages for injuries she received in the same accident. The jury rendered a verdict for no cause for action on the plaintiffs’ cause of action against the defendant; and for no cause for action on the counterclaim of the defendant Karen Van Dyne against the plaintiffs. The defendants entered judgment dismissing the complaint and for costs against the plaintiffs. The plaintiffs then entered judgment dismissing the counterclaim of the defendant Karen Van Dyne and for costs against her. The defendant Karen Van Dyne moves to vacate the bill of costs against her.
Where both the plaintiff and a counterclaiming defendant fail to recover, which one is entitled to costs? Or shall costs be denied to both? In other jurisdictions “ the authorities on the question are in irreconcilable conflict.” (Checketts v. Collings, 78 Utah 93, 95; Ann. 75 A.L.R. 1400.) Prior to the adoption of the CPLR and under the provisions of the Civil Practice Act and its predecessor, the Code of Civil Procedure, the weight of New York authority seemed to be that only the defendant was entitled to costs in spite of the fact that he had failed on his counterclaim.
In Thayer v. Holland (63 How. Prac. 179,181), the court held: “ The party in whose favor judgment is to be entered is the prevailing party, and is * * * entitled to the costs. If the plaintiff fails to make out his case, the defendant is entitled to judgment. It matters not that the defendant has failed to establish the counterclaim he has set up.” See, also, Whitelegge v. De Witt (12 Daly 319, 323-324) where the court said: “ The plaintiff is not entitled to costs, though no recovery was had on the counterclaim (Thayer v. Holland, 63 How. Pr. 179). As the plaintiff failed to establish his right to recover, the defendant, though she did not establish her counterclaim, is the prevailing party.” In Pagano v. Giuliani (43 N. Y. S. 2d 945, 946) the court *230 stated, ‘1 Defendant is entitled to a bill of costs # Even though defeated as to the counterclaim, he is still the prevailling party.” In accord see, Rohrs v. Rohrs (72 Misc. 108) and Gibbons v. Skinner (150 App. Div. 706). See, however, De Hart v. Enright (93 Misc. 213) where the court, in the exercise of its discretion, denied costs to both parties since neither had succeeded.
Under the 'Civil Practice Act the plaintiff was “ entitled to costs of course, upon the rendering of a final judgment in his favor ” in certain specified actions (Civ. Prac. Act, § 1470) and the defendant, in those actions, was entitled to costs of course where the plaintiff was not (Civ. Prac. Act, § 1475). The Code of Civil Procedure contained similar provisions. The CPLR provides, ‘ ‘ The party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to allow costs would not be equitable, under all of the circumstances. ’ ’ (CPLR 8101). The provision of section 1475 of the Civil Practice Act that “ the defendant is entitled to costs, of course * * * unless the plaintiff is entitled to costs ” has not been carried over into the CPLR. The criterion for determining the right to costs is now the same for both plaintiff and defendant. Costs are allowed to 1 ‘ the party in whose favor a judgment is entered ’ ’ (CPLR 8101).
Does this change in the CPLR effect a change in the rule that where both the complaint and the counterclaim are dismissed, the defendant only is entitled to costs ? I hold it does not.
“ The corresponding passage in Federal Rule of Civil Procedure 54 (d), after which the New York provision [CPLR 8101] was modeled * * # allows costs to the ‘ prevailing party. ’ Whether the language found in CPLR 8101 will generate fewer constructional difficulties than its federal rule counterpart is doubtful. In today’s complex multiparty litigation, it frequently is difficult t'o ascertain who is the prevailing party; under similar conditions of complexity it does not appear simpler to decide 1 in whose favor ’ a judgment is entered when it is recalled that any party may enter the judgment. ” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8101.19.) In a footnote to this comment the authors cite, “ Annot., Right to Costs Where Judgment Is Against Plaintiff or His Complaint and Against Defendant on His Counterclaim, 75 A.L.R. 1400.)
Under the Civil Practice Act it was easier to come to the conclusion that the defendant was entitled to costs even though he lost on his counterclaim, for where a judgment was not rendered in the plaintiff’s favor, by express provision the defen *231 dant was entitled to costs. Now under the CPLR we must determine who is the prevailing party. The rationale behind the rule entitling the defendant to costs where he defeats the plaintiff even though he loses on his counterclaim appears to be that in such cases he is the prevailing party. As stated in Checketts v. Collings (78 Utah 93, 102, supra): “ By the verdict rendered, the plaintiff clearly on the entire case was not entitled to judgment, and none was or could have been entered for him. Thus, on the entire case, he was not the prevailing’ party. The defendant defeated plaintiff’s cause. He did not do it by his counterclaim. He lost on that. He defeated it or the plaintiff was defeated on the issue joined by the general denial or the plea of contributory negligence, or by both. So, independently of the counterclaim, the plaintiff who instigated the litigation was driven out of court, 1 no cause of action, ’ just as effectually as though no counterclaim had been interposed. The defendant failing to recover anything on the counterclaim, it, as said by some of the courts, became immaterial, for it was not that which caused the plaintiff to lose or the defendant to win. Hence, on the entire case, the plaintiff lost and the defendant won, and thus the latter and not the former was the prevailing party entitled to judgment and to costs. ’ ’ In Rypkema v. Frauenhofer (55 Misc 2d 1000, 1001), a case decided under the CPLR, the court stated, ‘ ‘ It canot be said that the plaintiff has prevailed. The defendant defeated plaintiff’s cause of action, not by his counterclaim, for he lost on that, but rather by his general denial or his plea of contributory negligence or both.” In the exercise of discretion under CPLR 8101 the court denied the motion of the plaintiff to amend the judgment by deleting therefrom costs in favor of the defendant.
But plaintiffs contend that because separate judgments were entered they are entitled to costs on the judgment entered in their favor dismissing the counterclaim of the defendant Karen Van Dyne. This argument overlooks CPLR 3019 (subd. [b]) which provides that in the case of a counterclaim separate judgments may not be had unless the court so orders. See, also, CPLR 5012 which permits the court, after granting a severance, to direct judgment “ upon part of a cause of action or upon one or more causes of action as to one or more parties.” The Third Report of the Advisory Committee on Practice and Procedure states that this section was based upon similar provisions contained in the Civil Practice Act and that those provisions permitted the court to make exceptions to the theory that ‘ ‘ an action is traditionally viewed as a single judicial unit which can result *232 in only one judgment”. “Without a severance there can he but one final judgment in an action.” (German-Amer. Button Co. v. A. Heymsfeld, Inc., 170 App. Div. 416, 423.) In Hanson v. Levy (139 Misc. 693, 694) the court, in interpreting a provision of the Municipal Court Code of the 'City of New York which provided that costs “shall be allowed to the prevailing party”, stated: “Plaintiff was not the prevailing party. The words ‘ prevailing party ’ can have no other meaning except the party in whose favor judgment should be entered. (Dunne v. New York Tel. Co., 107 Misc. 439.) Where there is one plaintiff and one defendant, there can be but one prevailing party and hut one judgment. (German-American Button Co. v. Heymsfeld, Inc., 170 App. Div. 416; Krisser v. Rogers, 195 App. Div. 394.) The defendant is the prevailing party, notwithstanding the interposition of the counterclaim and its dismissal. ’ ’
In some instances it may be inequitable to grant costs to a defendant who has failed on his counterclaim. ‘ ‘ A counterclaim may be of so independent and aggressive a nature that identity of the party as defendant rather than as plaintiff is merely accidental.” (Ann. 75 A. L. R. 1400.) Where such is the case the remedy of the plaintiff is to move before the Judge who presided at the trial (CPLR 8108) who has discretion to deny costs to the defendant (CPLR 8101).
Defendant’s motion to strike plaintiff’s bill of costs is granted.