F. Warren Travers, J.
This is a motion by defendant, Jack F. Coutts, for costs against the plaintiff, James S. Hutton.
Plaintiff brought an action against Edna Hilts for personal injuries and property damage. Thereafter, plaintiff brought a similar action against defendant, Jack F. Coutts.
By written stipulation of the attorneys for all parties, the two actions were "consolidated for trial”. The stipulation makes no provision for costs.
Following a trial of the actions, the plaintiff received a verdict in the amount of $5,000 against defendant, Edna Hilts.
In assessing fault, or culpability, the jury found defendant, Hilts, to be 100% at fault and assessed "zero”% of fault to defendant, Coutts.
The theory of costs is that they are, in a sense, an indemnification for a party against the expense of successfully asserting his rights in court.
*884 It is well established that costs are controlled entirely by statute.
CPLR 8101 states: "The party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances.”
The first sentence of CPLR 8104 provides: "Where two or more actions are consolidated, costs shall be awarded in the, consolidated action as if it had been instituted as a single action, unless the order of consolidation otherwise provides.”
The Legislative Studies and Reports set forth following CPLR 8101 (McKinney’s Cons Laws of NY, Book 7B, CPLR, p 330) state: "Former section 1476 [Civil Practice Act] provided that costs had to be denied to a prevailing defendant who was united in interest or united in an answer with a co-defendant against whom the plaintiff prevailed and that they could be denied to a defendant if his co-defendant was unsuccessful although he was neither united in interest nor in answer with him. The concept of 'united in interest’ apparently presupposes, however, that the defendants stand or fall together. The unity of answer requirement was also unclear. There seems no good reason, moreover, why a defendant in whose favor a judgment was entered, because he prevailed at the trial or on a motion to dismiss as to himself, should not be compensated for his expense solely because a co-defendant does not succeed.” (See, also, 8 Weinstein-Korn-Miller, NY Civ Prac, par 8101.11.)
Plaintiff argues that the first sentence of CPLR 8104 precludes the right of defendant, Coutts, to a bill of costs.
CPLR 8101, however, sets forth the basic rule for determining how costs are to be awarded and provides for the award of costs to the prevailing party as of right subject to the discretion of the court to deny costs in a particular case.
The court finds, then, that CPLR 8101 controls. The defendant, Coutts, is clearly the prevailing party as to any claim asserted against him by the plaintiff, Hutton.
In any instance in which separate judgments are entered in favor of two or more parties, each party in whose favor a judgment is entered is entitled to costs under CPLR 8101, unless the court has exercised its discretion and deprived one or more of the successful parties of his costs. (Montague v *885 Hunt, 50 Misc 2d 442, 444; also 8 Weinstein-Korn-Miller, NY Civ Prac, par 8101.19.)
In the exercise of discretion, the court grants the motion of defendant, Coutts, for costs against the plaintiff, Hutton.