OPINION OF THE COURT
Albert M. Rosenblatt, J.
The plaintiff, following the trial of this negligence action before a jury, has submitted a proposed judgment, which includes costs and disbursements in the sum of $575.84. The jury found plaintiff 60% negligent and awarded him $27,921.39, for injuries he sustained while using a paint spray gun rented from defendant.
The defendant has requested the court to deny costs entirely, claiming that an award of costs to plaintiff would be inequitable (CPLR 8101).
At the pretrial stage, a settlement conference was held, during which the defendant offered to settle the case for what proved to be more than twice the amount the jury eventually awarded. The defendant claims that costs, under these circumstances, should be denied, because the plaintiff, having rejected the settlement and offer, and having been found 60% negligent by the jury, has improvidently put the parties through a trial.
By statute, the successful party normally gets costs (City of Buffalo v Clement Co., 28 NY2d 241, 263, mot for rearg den 29 NY2d 640, 649). While the plaintiff has prevailed (see Graybill v Van Byne, 67 Misc 2d 228, 232), he would have fared far better had he not gone to trial. We view the *770 concept of costs as representing indemnification to a party for establishing his position in court (Benner v English, 50 Misc 2d 592, 594). Thus, when a plaintiff was defeated in his cause of action, but succeeded in having a counterclaim dismissed, the court, in Rypkema v Frauenhofer (55 Misc 2d 1000), granted costs to the defendant.
While the court, under CPLR 8103 may, in its discretion, award costs to one party without denying costs to the other (Cornwell v Safeco Ins. Co. of Amer., 42 AD2d 127,141), we have the converse situation, in which the percentages of fault refer, of course, to the same transaction.
The defendant here asserts that he was, in essence, proven 60% right, that the settlement offer would have compensated the plaintiff far more handsomely than did the jury, and that because defendant was therefore not “responsible” for the trial, costs should be denied plaintiff (see Salerno v Vogt, 78 Misc 64; cf. Gregory v Benson, 24 AD2d 1070).*
Under the circumstances, the court concludes that costs should be apportioned, corresponding to the degree of negligence found. In doing so, the court does not hold that the plaintiff’s costs should always be denied or diminished after rejecting what turns out to be a more favorable settlement, nor does the court hold that costs should be uniformly apportioned in direct proportion to negligence. It is the combination of factors here that suggests that the plaintiff’s recovery of costs and disbursements be reduced by 60%, to the sum of $230.34.

 As distinguished from CPLR 3221 which contemplates a formal procedure, and the denial of costs when the offeree rejects the offer and “fails to obtain a more favorable judgment”.