■ STANLEY J. ZIANKOSKI et al., Appellants, v MICHAEL SIMMONS et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed with costs. Memorandum: Following trial of this action for a permanent injunction and a declaration that plaintiffs have established prescriptive easements over lands of defendants, Supreme Court dismissed the complaint.

We have reviewed the issues raised by plaintiffs on appeal

and find them to be without merit. The trial court's assessment of credibility must be afforded great weight *(see, Matter of Liccione v John H.,* 65 NY2d 826, 827) and, thus viewed, we find ample support in the record for the court's conclusion that plaintiffs failed to establish by clear and convincing evidence that their use of the parcels at issue was continuous and uninterrupted for the prescriptive period *(see, Di Leo v Pecksto Holding Corp.,* 304 NY 505; *Reiss v Maynard,* 148 AD2d 996, 997; *Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538).

We further conclude that costs were properly imposed upon plaintiffs *(see,* CPLR 8101; *Graybill v Van Dyne,* 67 Misc 2d 228), and that defendants are entitled to recover the costs of producing the trial transcript. That expense was "reasonable and necessary", and was required "by order of the court" (CPLR 8301 [a] [12]; *see, Sterling Optical Co. v University of State of N. Y.,* 56 Misc 2d 54, 54-55). We also hold that the award of costs may properly include the cost of a transcript which was filed in this court when defendants made application under CPLR 5518 to vacate a preliminary injunction which had been entered upon order of a Supreme Court Justice. Defendants were directed by a Justice of this court to file the transcript, and on review thereof, we granted defendants' application and vacated the preliminary injunction. In doing so, we did not address the subject of costs. In the circumstances, Supreme Court was not empowered to include in the judgment an award of costs for that disbursement *(see, Matter of Ewald,* 268 App Div 826) but this court, of course, has such authority *(see,* CPLR 8301 [a] [12]; [b]) which we now exercise by affirming the judgment in all respects. (Appeal from Judgment of Supreme Court, Oneida County, Ringrose, J.—Permanent Injunction.) Present—Dillon, P. J., Doerr, Denman, Green and Lowery, JJ.