OPINION OF THE COURT
Lawrence E. Kahn, J.
This personal injury litigation was commenced on July 5, 1990. Thereafter, issue was joined and plaintiffs were served with a demand for a verified bill of particulars. Not having received a bill of particulars by November 13, 1991, counsel for defendant Norstar Bank corresponded with counsel for plaintiff, renewing their request for compliance and also re *538 questing that plaintiffs file their summons with affidavits of service and obtain an index number, as mandated by CPLR 306-a. Ultimately, the instant motion for relief pursuant to CPLR 3042 and 3043 was made with respect to movant’s outstanding demands. As a result, counsel for Norstar was required to purchase an index number.
The discovery issues have been resolved. However, the question remains with respect to movant’s request to be reimbursed for the expense of purchasing an index number.
CPLR 306-a was enacted in 1991 to require the filing of proof of service with the clerk of the court within 30 days after service is complete. As noted in the Practice Commentaries, "[T]he principal motive behind the enactment of CPLR 306-a was fiscally related. CPLR 306-a was part of a legislative package that contains several revenue-raising measures.” (Alexander, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR C306-a:l, 1992 Pocket Part, at 20.) Section 406 (p) of the Laws of 1991 (ch 166) specifically mandates that the new revenue enhancer "shall apply to all actions pending on or commenced on or after September 1, 1991”. However, it is silent with respect to any remedy for a recalcitrant plaintiff who neglects to comply with its mandate, other than to provide that failure to timely file proof of service has no jurisdictional consequences and is a mere irregularity. The remedy is an order directing the filing nunc pro tune.
Movant would have this court draft an additional provision to the statute whereby a plaintiff’s failure to comply would enable a defendant to be reimbursed immediately for the cost of obtaining an index number and RJI request.
Disbursements are governed by CPLR article 83 and are intended to be "reimbursement for actual out-of-pocket expenses incurred by a party in the prosecution of his action.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C8301:l, at 191.) The Commentary further provides that "[t]he right to reimbursement for disbursements is purely statutory, and in New York the courts have been niggardly in construing Article 83.” (Ibid.) Indeed, an award of both costs or disbursements is generally dependent upon a party successfully establishing the merits of his or her position (see, Tarquini v Taylor Rental Center, 116 Misc 2d 769). Disbursements are generally awarded only as a posttrial recovery (see, Allied Excavating Corp. v Graves *539 Equip. Co., 99 AD2d 499). In short, there is no statutory authority for reimbursement of defendant’s disbursement at this juncture in the lawsuit. Without such statutory authorization, the court shall decline to grant the relief which movant requests.