OPINION OF THE COURT
Joseph D. McGuire, J.
*945 Plaintiff has applied to the court for an order vacating a judgment that awarded costs and disbursements to defendant and for an order awarding plaintiff costs (CPLR 5015, 8101).
Following a trial by jury, defendant filed a judgment on or about January 9, 2009 in favor of the defendant against plaintiff in the amount of $1,095 representing costs and disbursements.
The verdict of the jury in the underlying case was that defendant committed a battery against plaintiff. The jury found zero damages as a result of the battery.
Plaintiff argues that the defendant is not entitled to costs because defendant was not the victorious party in the case. Plaintiff further argues that the plaintiff is the party who should be awarded costs because the jury found against the defendant and costs are allowed even when there are only nominal damages.
Defendant contends that the plaintiff was not deemed the prevailing party because the jury found no damages caused by the battery. Defendant argues that damages were an essential element of the battery, and having found none, the plaintiff did not prevail.
The procedural statute at issue provides: “The party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances.” (CPLR 8101.) The “party in whose favor judgment is to be entered is the prevailing party.” (Graybill v Van Dyne, 67 Misc 2d 228, 229 [1971, Boomer, J.], quoting Thayer v Holland, 63 How Prac 179, 181 [1882].) A party to whom costs are awarded is also entitled to certain disbursements (CPLR 8301).
“The theory of costs is that they are, in a sense, an indemnification for a party against the expense of successfully asserting his rights in court.” (Hutton v Hilts, 88 Misc 2d 883, 883 [1976].) “Award of costs and disbursements is intended to reimburse a successful party for expenses incurred in pursuing or defending his rights in court . . . although complete success is not a requirement.” (Matter of Birnbaum v Birnbaum, 157 AD2d 177, 192 [4th Dept 1990].)
The predecessor procedural rules specified actions in which a plaintiff was to receive costs, and defendant was entitled if plaintiff was not. (See Graybill, 67 Misc 2d 228 [1971].) A defendant may be entitled to costs even if losing on a counterclaim *946 where plaintiff does not prevail (Michaels v Cooper, 245 AD2d 1103 [1997]). A plaintiff may be entitled to costs when damages are found inadequate (10 Park Sq. Assoc. v Travelers [Travelers Ins. Cos.] [appeal No. 2], 288 AD2d 828 [4th Dept 2001]).
Where both parties prevail on significant issues, a denial of costs is proper. (Raab v Dumblewski, 226 AD2d 1021 [3d Dept 1996]; see Birnbaum, 157 AD2d 177 [1990].) For defendant to receive costs, the cause of action on which defendant prevailed must be different than the cause of action on which plaintiff prevailed. (See Cornwell v Safeco Ins. Co. of Am., 42 AD2d 127 [4th Dept 1973]; CPLR 8103.) Allocation of costs based on percentage of fault found can be equitable in certain circumstances (Tarquini v Taylor Rental Ctr, 116 Misc 2d 769 [1982]), and granting costs to a defendant when only one plaintiff prevailed has been allowed (see Gibson v Tsandikos, 23 AD3d 801 [3d Dept 2005]). A prevailing plaintiff who receives some relief but not damages may not be entitled to costs in certain circumstances (CPLR 8102 [2]; see Hidden Ponds of Ontario v Hresent [appeal No. 2], 237 AD2d 878 [4th Dept 1997]).
In the present matter, plaintiff “prevailed” to the extent that the jury believed defendant committed a battery. Defendant “prevailed” to the extent that the jury believed defendant’s claim that there were no damages as a result of the battery. Failure to award damages, especially when the jury was charged regarding the issues of mitigation and provocation, does not prevent the finding that there was tortious conduct, even though not monetarily compensable.
Under all the circumstances of this case, the court finds it to be inequitable to award costs to either party. The jury was satisfied that plaintiff had a sustainable cause of action, finding fault on the part of defendant. Similarly, the jury was satisfied that defendant proved that plaintiff sustained no pain or suffering from the conduct. The court holds that an award of zero damages does not entitle a defendant to costs or disbursements when there has been a companion finding in plaintiff’s favor arising out of the same facts. In this case, both parties were “successfully asserting [their] rights” (Hutton, 88 Misc 2d 883, 883 [1976]), although it cannot be said that there was “complete success” (Birnbaum, 157 AD2d 177, 192 [1990]) by either.
The motion to set aside the judgment awarding costs and disbursements is granted. The motion of plaintiff to award her costs is denied (CPLR 8102 [2]).
The foregoing is the decision of the court on the submitted motion and it is ordered, that the motion of plaintiff for an or *947 der awarding her costs is denied, and it is further ordered, that the motion of plaintiff for an order vacating the judgment entered against her by defendant is granted, without motion costs, and it is further ordered, that the judgment after trial filed in this matter on January 9, 2009 be and the same hereby is vacated and set aside and the Clerk of Jefferson County is directed to so note upon her records.