Peters, P.J.
Appeal from an order of the Supreme Court (O’Shea, J.), entered December 12, 2012 in Chemung County, which partially granted defendants’ motion to, among other things, divide the cost to reproduce a record on appeal.
The substantive facts are more fully set forth in our recent decision in this matter (106 AD3d 1240 [2013]). As here rele *855 vant, after Supreme Court denied the parties’ cross motions for summary judgment and other relief, defendants appealed, and stipulated that they would perfect the appeal no later than October 1, 2012. While plaintiff subsequently filed a notice of cross appeal, defendants made no effort to shift to her the responsibility for preparing the record on appeal. Instead they retained a printing firm to prepare the record. After plaintiff refused to contribute toward the $12,270.75 printing costs, defendants moved for, among other things, an order directing her to pay one half of those expenses. Supreme Court granted that relief and plaintiff appeals.
The Rules of the Appellate Division, Third Department (22 NYCRR) § 800.9 (e) require that, “[i]n the case of cross-appeals, . . . the plaintiff shall be appellant and shall file and serve the record” unless otherwise directed (see CPLR 5525 [c]; 5530). Cross appellants are not obliged to contribute to the cost of preparing a record for this Court (compare Rules of App Div, 1st Dept [22 NYCRR] § 600.11 [d] [1], and Rules of App Div, 2d Dept [22 NYCRR] § 670.8 [c] [1], with Rules of App Div, 4th Dept [22 NYCRR] § 1000.4 [b] [1])- Thus, unless plaintiff had moved to be relieved of this burden, she was required to prepare the record, yet defendants undertook the task of compiling and filing it. Plaintiff argues that she should not be charged with any expense in that regard, since defendants agreed to perfect the appeal and unilaterally prepared the record. While those contentions are far from compelling, we conclude that Supreme Court lacked authority to direct plaintiff to compensate defendants for the printing expenses.
The “reasonable and necessary expense [ ]” of printing a record on appeal is a taxable disbursement which a party to whom costs are awarded is entitled to demand (CPLR 8301 [a] [13];[1] see Shapiro v Aetna Cas. & Sur. Co., 73 AD2d 616, 616 [1979], appeal dismissed 49 NY2d 798 [1980], appeal dismissed 49 AD2d 801 [1980]), but the authority to award costs and disbursements owes its “origin to statute, and do[es] not exist without it” (People v Three Barrels Full, 236 NY 175, 177 [1923]; see Stevens v Central Natl. Bank of Boston, 168 NY 560, 566 [1901]; Equitable Life Assur. Socy. of U.S. v Hughes, 125 NY 106, 108 [1890]). To put it differently, “[c]osts cannot be taxed unless they have been duly awarded, and they can only be awarded in pursuance of the provisions of some statute” (Stevens v Central Natl. Bank of Boston, 168 NY at 566). Inasmuch as costs and disbursements are awarded in the appel *856 late context in “[t]he decision on appeal” (CPLR 8108; see CPLR 8301 [a]), Supreme Court “had no power” to direct plaintiff to reimburse defendants for their printing expenses (Matter of Barton Realty Corp. v Mangan, 25 AD2d 730, 731 [1966]; see CPLR 8107; Ziankoski v Simmons, 170 AD2d 966, 967 [1991]; Shafer v Norstar Bank, 154 Misc 2d 537, 538-539 [1992]).[2]
Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendants’ motion to divide the cost to reproduce a record on appeal between the parties; motion denied to that extent; and, as so modified, affirmed.

. In our previous affirmance of Supreme Court’s order denying the parties’ underlying motions, this Court declined to award costs to any party (106 AD3d at 1244 [2013]).

. CPLR 8301 was amended effective June 2013 and paragraph (12) of subdivision (a) was renumbered to paragraph (13) (see L 2012, eh 500, § 3).